514 A.2d 271

Eugene C. Barnes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 18, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Margaret A. O'Connor,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, August 22, 1986:

Eugene Barnes appeals here the decision and order of the Unemployment Compensation Board of Review (Board), reversing the referee's decision and disallowing benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] which prohibits payment of benefits to claimants who are dismissed from their employment due to work-connected willful misconduct. The Board issued the appealed order upon reconsideration of its prior order which had affirmed the referee's allowance of benefits.

The referee issued a decision on April 11, 1984 approving payment of benefits to Claimant based on findings that, while Claimant left work early without his employer's permission following a disagreement with his supervisor regarding Claimant's work assignment and working conditions, there was reason for Claimant's actions since Claimant's duties as a shipper/receiver in the parts department at Carson-Pettit, Inc. had been reduced to cleaning bins and doing inventory work and, in addition, his work performance was under constant criticism. The referee had found that on Friday, the day following Claimant's early departure, the employer sent Claimant a letter in which the employer requested to know by the following Monday Claimant's intentions regarding his employment at Carson-Pettit. Claimant sent his reply immediately which was received by the em-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

ployer on Saturday. The referee found that in the letter Claimant indicated he did not wish to terminate his employment but requested a clarification of his job duties. The referee's next finding was that the employer called Claimant on Monday to inform him his employment was terminated because of differences between Claimant and the employer which could not be resolved. The referee concluded that Claimant could not be disqualified from eligibility for unemployment compensation under Section 402(e) and the Board issued an order on May 31, 1984 summarily affirming the referee's decision.

Carson-Pettit then filed a request for reconsideration with the Board. In the memorandum of law accompanying the request for reconsideration, the employer asserted only that the Board should have concluded that Claimant's action in leaving work early without permission and without offering an explanation to his supervisor was willful misconduct rendering Claimant ineligible for receipt of unemployment compensation. The Board acknowledged receipt of the employer's request and also notified Claimant that any objections to the granting of reconsideration must be received by the Board by June 25, 1984. On June 25, 1984, having failed to receive any objection on the part of the Claimant, the Board issued an order vacating the prior Board order of May 31, 1984 and indicated in that order that oral argument would be scheduled before the Board. The Board did not indicate its reasons for granting reconsideration. Oral argument was heard by the Board on December 12, 1984, and on January 21, 1985, the Board issued its new decision and order reversing the referee and disallowing benefits.

On appeal, Claimant argues, first, that the Board abused its discretion in granting reconsideration of its May 31, 1984 order and, also, that the Board's new findings are unsupported by substantial evidence.

With regard to Claimant's initial argument, the relevant regulation governing reconsideration requests appears at 35 Pa. Code §101.111 and provides at subsection (a) that within 15 days after the issuance of the Board's decision an aggrieved party may request the Board to reconsider its decision and allow the party to (1) offer additional evidence at another hearing, (2) submit written or oral argument, and/or (3) request the Board to reconsider the previously established record of evidence. Subsection (b) provides such requests will be granted only for good cause, that the parties will be notified of the Board's ruling on the request, and that the request and the ruling will be made part of the record and subject to review in connection with any further appeal.

The employer followed the procedure outlined above and the Board, upon receipt of the employer's request, as we have stated, notified Claimant of the request and advised that

You have the right to object to the granting of reconsideration and you also have the right to refute any statements contained in the attached request. Any objections that you may have must be in the receipt of the Board by June 25, 1984. The interested parties will be notified in due course of the Board's action.

Claimant's objection was communicated to the Board by letter of counsel *dated* June 25, 1984 and, therefore, was not received by the Board until after that date and after the Board decided to grant reconsideration.

The facts in the instant case are similar to those in *Grcich v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 62, 427 A.2d 299 (1981). In that case, the claimant was initially denied unemployment compensation by the Office of Employ-

ment Security which decision was reversed by the referee. On appeal to the Board, the Board remanded for the purpose of taking additional testimony and then issued a decision and order also allowing benefits. The employer petitioned the Board for reconsideration; the Board granted the request and vacated the prior order. Without taking additional testimony, the Board then issued a new decision denying benefits to Claimant. This Court noted on appeal that the Board had not stated in its vacating order or the subsequent decision denying benefits the basis upon which it granted reconsideration and cited *Flanagan v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 120, 407 A.2d 471 (1979) for the proposition that before the Board may agree to reconsider its own decision there must appear of record some satisfactory reason to support the decision to grant reconsideration. Noting that the applicable regulation requires that requests for reconsideration be granted only for *good cause,* the Court stated:

> . . . [W]e cannot ascertain whether the Board abused its discretion or lacked good cause for its ruling, unless the reason for granting reconsideration appears in the record [footnote omitted].
>
> . . .
>
> Therefore, we hold that the Board must clearly set forth in the record the basis upon which it grants reconsideration of its decision, in order that we may properly exercise our appellate role to oversee abuses of discretion.

58 Pa. Commonwealth Ct. at 68, 427 A.2d at 301. The Court remanded the *Grcich* case to the Board to allow the record to reflect the reason for allowing reconsideration.

Because the record in the instant case does not reveal the Board's reason for granting reconsideration, we must remand this matter to allow the Board to set forth in the record the basis upon which it granted reconsideration. *Grcich*.

ORDER

AND NOW, this 22nd day of August, 1986, this matter is remanded to the Unemployment Compensation Board of Review for proceedings consistent with this opinion. Jurisdiction relinquished.