537 A.2d 920

Eugene C. Barnes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 13, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Margaret A. O'Connor,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, February 11, 1988:

Eugene C. Barnes (Claimant) appeals the decision of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We shall reverse.

Claimant was originally awarded benefits following a referee's decision on April 11, 1984, which the Board affirmed. The Board then granted reconsideration and reversed its prior order. Claimant appealed to this Court and in *Barnes v. Unemployment Compensation Board of Review,* 100 Pa. Commonwealth Ct. 89, 514 A.2d 271 (1986) we remanded to allow the Board to set forth in the record the basis upon which it granted reconsideration. On January 7, 1987, the Board issued its order which mirrored the findings and conclusions rendered in its prior reconsideration and again found Claimant ineligible for benefits. The basis stated for the reconsideration was that the Board "may have erred and disregarded competent and consistent employer testimony" in affirming the referee's decision. Claimant appeals, asserting that the Board failed to present good cause for the granting of reconsideration and the decision is not supported by substantial evidence.

At the outset, we note that our remand in this case was based on our holding in *Grcich v. Unemployment*

*Compensation Board of Review,* 58 Pa. Commonwealth Ct. 62, 427 A.2d 299 (1981). In remanding this case, referring to our statements and rulings in *Grcich,* where this Court relied upon *Flanagan v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 120, 407 A.2d 471 (1979), we stated:

> . . . before the Board may agree to reconsider its own decision there must appear of record some satisfactory reason to support the decision to grant reconsideration. Noting that the applicable regulation[1] requires that requests for reconsideration be granted only for *good cause,* the Court stated:

> . . . [W]e cannot ascertain whether the Board abused its discretion or lacked good cause for its ruling, unless the reason for granting reconsideration appears in the record [footnote omitted].

> . . .

> Therefore, we hold that the Board must clearly set forth in the record the basis upon which it grants reconsideration of its decision, in order that we may properly exercise our appellate role to oversee abuses of discretion.

100 Pa. Commonwealth Ct. at 93, 514 A.2d at 273, *quoting* from *Grcich,* 58 Pa. Commonwealth Ct. at 68, 427 A.2d at 301.

Obviously, the question before us is whether or not the Board has expressed a good cause basis for granting the reconsideration. We first take note of the Board's initial decision in which it affirmed the referee's decision and ordered that benefits be granted:

> The Board of Review, in giving consideration to the entire record of the prior proceedings, in-

---

[1] The applicable regulation appears at 34 Pa. Code §101.111(b).

cluding the testimony submitted at the Referee Hearing(s), concludes that the determination made by the Referee is proper under the Unemployment Compensation Law and in accordance with the precedent rulings established in the interpretation thereof.

Therefore, the Board of Review enters the following order:

The decision of the Referee is affirmed and *benefits are granted.* (Emphasis added.)

Having thus certified to its consideration of the entire record of the prior proceedings and the testimony; that the referee's decision was proper under the Law and was "in accordance with the precedent rulings established in the interpretation thereof," we find no sensible explanation for the Board's statement following our remand seeking to justify its decision to reconsider which appears as follows:

In the employer's request for reconsideration of the Board's first order he asserted that the Board should have concluded that the claimant's action in leaving work early without permission and without offering an explanation to his supervisor was willful misconduct. In light of the above request, the Board reviewed the record (including the claimant's similar behavior one year previously) and determined that *it may have erred and disregarded competent and consistent employer testimony* in making its first determination in the manner it did. On this basis reconsideration was granted and oral argument scheduled and held at which the parties were afforded the opportunity of presenting their contentions. After further review of the record the Board rendered its decision in light of the record and the arguments presented to it. The present decision

mirrors the findings and conclusions rendered in that second Board decision. (Emphasis added.)

Clearly, the Board's admission that "it may have erred and disregarded competent and consistent employer testimony" in our view, presents no reason that could be termed "good cause." In fact, there is no positive statement of a reason for granting reconsideration, except the possibility of error or disregard of testimony, with no indication of what the possible error might be, nor any delineation of what testimony may have been disregarded or otherwise misconceived.[2] Since the Board has failed to demonstrate *"good cause,"* as required for the granting of reconsideration under the terms of 34 Pa. Code §101.111(b), we will reverse.

### ORDER

NOW, February 11, 1988, the decision of the Unemployment Compensation Board of Review at No. B-231150-C, dated January 7, 1987, is hereby reversed.

---

[2] We do not, of course, reach the merits, but note that the Board's key finding on reconsideration, No. 10, that Claimant by letter made "a series of demands" which "he made conditional for his return to work," is simply not found in or supported by the text of the letter (R. 5).