Harold L. Keiper, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued August 24, 1981, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Jack R. Heneks, Jr.,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

MEMORANDUM OPINION AND ORDER

PER CURIAM, September 16, 1981:

The claimant in this unemployment compensation case was discharged from his employment for excessive unexcused absences. Benefits were denied by the Office of Employment Security, by a referee and on appeal by the Board of Review. The claimant did not file an appeal to this court from the Board's order. He did file with the Board a timely request for another hearing. A Department of Labor and Industry regulation at 34 Pa. Code Part 6, Section 101.111, allows an aggrieved party to request the Board to reconsider its decision and in such case the Board may give the applicant opportunity for the offering of additional evidence at another hearing. The Board refused the claimant's application for reconsideration and the claimant, for the first time represented by counsel,

filed a Petition for Review in this court containing broad based attacks upon the propriety of the Board's unappealed decision. On motion of the Board we quashed the Petition for Review to the extent that it purported to appeal from the Board's order denying benefits but refused to quash to the extent that the Petition addressed the Board's denial of the request for reconsideration.

In the brief filed for the claimant on this occasion, four questions are stated as being involved. Three of the questions again relate to the propriety of the Board's decision on the merits and are not the proper subject of this appeal. The remaining question properly raises the question of whether the Board committed an abuse of discretion in refusing reconsideration. Under this heading the claimant contends that the referee unduly limited his attempts to explain certain of his absences. We have carefully read the record and find this not to be the case. In his request for a new hearing, the claimant refers to an incident in 1979 when he said that he had explained an absence as due to automobile trouble and to an absence of March 21, 1980, when he had a doctor's slip which he gave to his foreman. These are the only factual matters the claimant asserts he would testify to if given another hearing. The claimant testified as to both of these incidents at the referee's hearing and if there was more that he had to say concerning these or other absences he certainly was not prevented from doing so by the referee. The Board did not abuse a sound discretion in refusing reconsideration.

Order affirmed.

## Per Curiam Order

And Now, this 16th day of September, 1981, the order of the Board of Review refusing reconsideration dated August 13, 1980, is affirmed.

## Per Curiam Amended Order

And Now, this 21st day of September, 1981, the Per Curiam Order filed September 16, 1981, in the above-captioned case is hereby amended to read as follows:

And Now, this 16th day of September, 1981, the order of the Board of Review refusing reconsideration dated July 18, 1980, is affirmed.