Stephen Grcich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Charles Skomski,* for petitioner.

*Charles Hasson*, Associate Counsel, with him *Karen Durkin*, Associate Counsel, and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, February 4, 1982:

On January 25, 1979, the Unemployment Compensation Board of Review (Board) affirmed a referee's decision granting unemployment compensation benefits to Stephen Grcich (claimant). The Corning Glass Works (employer) petitioned the Board for reconsideration of its January 25, 1979 decision.[1] The Board granted this request and vacated its prior order. Without taking additional testimony, the Board issued a decision on May 16, 1979 denying benefits to claimant.

In *Grcich v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 62, 427 A.2d 299 (1981), we remanded this case to the Board for the specific purpose of allowing the record to reflect the reasons for the Board's reconsideration of its decision of January 25, 1979, so that we might properly exercise our appellate role to oversee abuses of discretion. In

[1] Claimant argues that the Board was improperly influenced by the conduct of the employer and his attorney, particularly in its decision to grant reconsideration. In support of his argument, claimants points to two letters written in response to the Board's decision of January 25, 1979. In the first letter, the employer's attorney requests reconsideration of the case, alleging, *inter alia*, that (1) "the findings completely ignore the testimony of every witness except [claimant]" and (2) "the person who took the testimony, Mr. Stonage, was a high school classmate of Mr. Skomski, counsel for [claimant], and . . . Mr. Stonage's mother was a former employee (hourly rate) of [the employer] and a union member." In the second letter, the employer's representative alleges that the testimony in the record was not reviewed by the individual Board members and indicates that he may notify the Governor of this situation. These letters are the only addititonal factual elements contained in the record after the Board's decision of January 25, 1979.

*Flanagan v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 120, 123-124, 407 A.2d 471, 473 (1979), we stated that "before the Board agrees to reconsider its own decision there must appear of record some reason to support this exercise of discretion."[2]

In response to our remand order, the Board stated that its reason for granting reconsideration "was an accumulation of the strident criticisms, complaints and charges of impropriety which have been asserted" and the Board's belief that "in the interest of justice and a sound and proper decision free of any doubts as to bias," reconsideration should be granted.

We can only conclude that the Board's explanation for its reconsideration decision is a tacit admission that it was influenced by the conduct of the employer and its attorney who, by letters, criticized, complained, and charged Board impropriety and referee bias. The threat of the employer's representative to notify the Governor of the allegation that the testimony in the record was not reviewed by the individual Board members was undoubtedly the "charge of impropriety" referred to by the Board in explaining its reconsideration decision.

---

[2] Other jurisdictions have adopted similar guidelines when reviewing the determination of an unemployment compensation authority to reopen its prior decision. *See, e.g., Olan v. Ross,* 60 App. Div.2d 113, 400 N.Y.S.2d 379 (1977), where the court stated that, in the interest of fairness and due process, the "notice of reopening" must include the specific points to be reconsidered so that appellant might address those points in any written statements, documents, or briefs submitted to the Board, and *Lovendahl v. Employment Division,* 26 Or. App. 665, 554 P.2d 611 (1976), where the court ruled that the unemployment compensation authority may, by statute, reopen and redetermine claimant's eligibility only (a) on grounds other than those on which the claim was originally decided, or (b) if relevant new facts are brought to its attention following an original determination of eligibility.

Therefore, we hold that, under the circumstances of this case, the Board abused its discretion in granting a reconsideration of its January 25, 1979 decision and that the Board's order of May 16, 1979 reversing the referee must be reversed.

In examining the record as it existed at the time of the Board's first consideration of the matter, we find sufficient evidence to suport the referee's decision and the Board's initial affirmance thereof. We therefore conclude that claimant is entitled, as a matter of law, to receive benefits. *See Flanagan.*

### ORDER

AND Now, this 4th day of February, 1982, the order of the Unemployment Compensation Board of Review, dated May 16, 1979, reversing the referee's award of unemployment compensation benefits to Stephen Grcich, is hereby reversed, and the case is remanded to the Office of Employment Security for a computation of benefits to be paid to Stephen Grcich.

Judge PALLADINO did not participate in the decision in this case.