512 A.2d 94

Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1985, before Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Herbert W. Hoffman,* Deputy Chief Counsel, with him, *Francine Ostrovsky,* Assistant Chief Counsel, for petitioner.

No appearance for respondent.

*Jane F. Hepting,* with her, *Frank J. Piatek,* for intervenors, Timothy E. Sweesy and Robert A. Stanley.

OPINION BY JUDGE BLATT, July 15, 1986:

The Department of Labor and Industry, Office of Employment Security (OES) petitions for review of two decisions of the Unemployment Compensation Board of Review (Board), which have been consolidated for review. In these decisions, the Board granted an additional period of benefits for job training to Timothy E. Sweesy and Robert A. Stanley (claimants) under the

provisions of Section 233(b)[1] of the Trade Act of 1974,[2] *as amended,* 19 U.S.C.A. §2293(b).

OES denied these benefits to the claimants concluding that they had failed to satisfy the 210 day time limit of Section 233(b).[3] Each OES determination was affirmed by a referee, but the Board reversed both referees' decisions, reasoning that, inasmuch as each claimant experienced his last separation less than 210 days before his application for training approval and allowances, they had complied with the Section 233(b) requirements and, therefore, were entitled to the additional weeks of benefits.

---

[1] *Section 233(b) reads as follows:*

A trade readjustment allowance may not be paid for an additional week specified in subsection (a)(3) of this section if the adversely affected worker who would receive such allowance did not make a bona fide application to a training program approved by the Secretary under section 2296 of this title within 210 days after the date of the worker's first certification of eligibility to apply for adjustment assistance issued by the Secretary, or, if later, within 210 days after the date of the worker's total or partial separation referred to in section 2291(a)(1) of this title.

[2] For a comprehensive review of the legislative purposes of the Trade Act of 1974, see *Cramer v. Unemployment Compensation Board of Review,* 92 Pa. Commonwealth Ct. 549, 500 A.2d 195 (1985).

[3] In regard to Claimant Sweesy, the Board, on reconsideration, found on substantial record evidence that he filed claims for Trade Readjustment Assistance (TRA) benefits in July 1980 when his plant shut down for vacation purposes and in December 1981 when the plant closing was due to the holidays; that after the December 1981 shut down, he worked steadily full-time until April 30, 1982 when he was permanently laid off; and that he filed for training approval and allowances while in training on November 12, 1982.

The Board's reconsideration findings relating to Claimant Stanley, which are supported by substantial record evidence, state that his plant shut down for the holidays for two weeks beginning December 21, 1981; that he filed claims for, and received, TRA benefits for those weeks; that he suffered on April 29, 1982 an

Contending that the Board had misconstrued Section 233(b), OES requested reconsideration, which the Board granted over the claimants' objections. The Board then vacated its original adjudications and heard legal argument from OES and counsel for the claimants. Thereafter, on July 18, 1984, the Board issued two new decisions, again granting the additional weeks of benefits. These later Board decisions, however, were based on an analysis of Section 233(b) which differed from the Board's earlier analysis. After finding that both claimants had had temporary but definite periods of unemployment prior to being laid off,[4] the Board concluded that such periods of unemployment were not *separations* for the purposes of Section 233(b) and that, therefore, the 210 day filing deadline began only at the time of the final lay-offs.

Because the Board so altered its adjudications on reconsideration without having given prior notice to the parties, OES contends here that the Board committed reversible error.[5] *See Grcich v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 428, 430 n.2, 440 A.2d 681, 682 n.2 (1982).[6] OES

---

on-the-job injury which prevented him from working until November 15, 1982; that when he reported for work on November 15, 1982, he was advised that he was laid off due to lack of work effective immediately; and that he filed for training approval and allowances on December 3, 1982.

[4] *See* note 3.

[5] Pursuant to the Administrative Agency Law, our review of a Board adjudication requires affirmance, unless, *inter alia,* there was an error of law or the necessary findings of fact are not supported by substantial evidence. 2 Pa. C. S. §704; *Corbacio v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 70, 466 A.2d 1117 (1983).

[6] We note the lack of any statement in these cases as to the reasons why the Board granted reconsideration. *Grcich*. Inasmuch as the requesting party, OES, did not prevail on reconsideration

argues that the Board's actions amount to a substitution of new issues on reconsideration, a practice which, absent the taking of new evidence or a non-prejudicial agreement by the parties, we have expressly held to be violative of the Board's regulations concerning appeals to the Board from a referee's decision. *See* 34 Pa. Code §101.107; *Libonate v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 422, 426 A.2d 247 (1981). However, while it is true that the Board's regulations do not specifically address the permissibility of introducing new issues without notice at the Board reconsideration level, and that we have explicitly disapproved such a practice as an abuse of the Board's discretion, *Grcich,* we do not believe that the Board here injected a new issue into this case in place of that which was involved when the case was originally before that body. The controlling question on reconsideration was the same as it had been before, *i.e.,* whether or not the claimants had satisfied the 210 day rule of Section 233(b). That the Board reached the same result on reconsideration through a different interpretation of the statute, does not amount to the introduction of new issues. *See Crawl v. Pennsylvania Housing Finance Agency,* 98 Pa. Commonwealth Ct. 431, 511 A.2d 924 (1986).

We believe, and emphasize, therefore, that the Board's application, on reconsideration, of a new interpretation of the same undisputed facts and law, does not constitute reversible error.

We will affirm the Board's grant of additional weeks of TRA benefits to the claimants.

---

and has not specifically raised this point on review, however, we will not, at this juncture, remand for such a statement from the Board at this time. We would emphasize, however, that such a statement should ordinarily be submitted in cases coming before us, and this requirement will be strictly enforced in the future.

## ORDER IN 2408 C.D. 1984

AND NOW, this 15th day of July, 1986, the order of the Unemployment Compensation Board of Review in the Claim of Timothy E. Sweesy, Board Decision No. B-229041-B, dated July 18, 1984, is affirmed.

## ORDER IN 2409 C.D. 1984

AND NOW, this 15th day of July, 1986, the order of the Unemployment Compensation Board of Review in the Claim of Robert A. Stanley, Board Decision No. B-229042-B, dated July 18, 1984, is affirmed.