626 A.2d 687

**Mary BUSHOFSKY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 27, 1992.

Decided May 25, 1993.

Reargument Denied July 13, 1993.

Deborah L. Barr, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, and PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

Mary Bushofsky (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying her request for a transportation allowance pursuant to the

Trade Act of 1974 (Act), *as amended*, 19 U.S.C. § 2296.[1] We affirm.

Following the claimant's separation from employment she applied for and was determined to be eligible for TRA training benefits. The determination also contained the notation "N/A" in the section pertaining to transportation allowances.[2] Proceeding pro se she appealed her ineligibility for a transportation allowance.

The referee held a telephonic hearing during which the claimant; Wesley Perry, the Towanda Job Center Employment Relations Representative; and Richard Radel, the state Assistant Trade Act Coordinator, testified. The claimant testified that she measured the distance from her residence in Dushore to her training site in Williamsport, the Pennsylvania School of Technology, as 51.4 miles. She also testified that she lived .5 miles from the center of Dushore. Mr. Radel testified that he measured the distance from the center of Dushore to the center of Williamsport to be 46 miles.

The referee affirmed the determination and the claimant appealed that decision to the Board. The Board found that the claimant resided 46½ miles from her training site. Relying on *Kieley v. Unemployment Compensation Board of Review*, 80 Pa.Commonwealth Ct. 618, 471 A.2d 1345 (1984), for the proposition that a fifty mile one-way commute was not an unreasonable commuting distance, the Board concluded that she was disqualified from receiving transportation expenses. The claimant filed a request for reconsideration which was denied by the Board. The claimant then timely filed a petition for review here from the order of the Board.

1. The Act provides for the payment of trade readjustment assistance (TRA) benefits to workers adversely affected by unfair or injurious import competition. 19 U.S.C. § 2272. The state unemployment compensation bureaus administer the program and determine a worker's eligibility for TRA. *Ford v. Unemployment Compensation Bd. of Review*, 48 Pa.Commonwealth Ct. 580, 409 A.2d 1209 (1980).

2. That portion of the claimant's signed TRA application form pertaining to a transportation allowance is blank. However, before the referee, the Towanda Job Center representative testified that the claimant had requested a transportation allowance and that he had failed to indicate the request on the application form. Notes of Testimony at 7.

■ The issues raised on appeal are (1) whether the finding that the claimant resided within 46½ miles of the training site is supported by substantial evidence; (2) whether the Board erred in concluding that the claimant was ineligible for a transportation allowance; and (3) whether the Board committed an abuse of discretion in denying the request for reconsideration.[3]

> Section 2296(b) of the Act permits the authorization of supplemental assistance necessary to defray reasonable transportation ... expenses ... when training is provided in facilities which are not within commuting distance of a worker's regular place of residence....

The Department of Labor regulations similarly authorize assistance to trainees "to pay transportation expenses if the training is outside the commuting area," 20 CFR § 617.28(a), defining the term "commuting area" to mean:

> the area in which an individual would be expected to travel to and from work on a daily basis as determined under the applicable State law.

*Id.* § 617.3(k). Neither party cites, nor could we find, any Pennsylvania case interpreting the phrase "within commuting distance" or the term "commuting area" for purposes of granting a TRA transportation allowance.

The claimant first argues that the finding that she resides 46½ miles from her training site is not supported by substantial evidence because Mr. Radel's testimony was inconsistent and because only she offered testimony as to the distance from her residence to the training site. Notes of Testimony (Notes) at 2, 6.

■ In unemployment compensation proceedings, the Board is the ultimate factfinder, empowered to determine the weight to be accorded and the inferences to be drawn from the

**3.** Our scope of review where both parties have presented evidence is whether the findings of fact are supported by substantial evidence, whether the Board made an error of law, or whether constitutional rights have been violated. *Kirkwood v. Unemployment Compensation Bd. of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

evidence. *Matvey v. Unemployment Compensation Bd. of Review,* 109 Pa.Commonwealth Ct. 591, 531 A.2d 840 (1987). In finding that the claimant resided 46.5 miles from the training center, the Board resolved the testimonial conflict by assigning the greater weight to Mr. Radel's testimony. Mr. Radel had repeatedly testified that the measured distance from the center of Dushore to the center of Williamsport was 46 miles. Notes at 4–5. The claimant herself testified that she lived .5 miles from the center of Dushore. *Id.* at 6. Because neither party testified as to the location of the training center relative to the center of Williamsport, the Board could reasonably infer that the training site was located in the center of Williamsport. We conclude that the above-cited testimony constitutes substantial competent evidence supporting the disputed finding.

Moreover, even if we were to accept the claimant's contention that she resides 51.6 miles from her training site, that fact alone, absent any testimony as to commutation patterns in her locale, would not compel a determination of eligibility for the transportation allowance. In *Kieley* and in *Musguire v. Unemployment Compensation Board of Review,* 52 Pa.Commonwealth Ct. 137, 415 A.2d 708 (1980), both voluntary termination cases, this Court held that a fifty mile and sixty mile one-way commute, respectively, did not constitute a necessitous and compelling cause for a voluntary termination. While we recognize the distinction between a transportation barrier affecting an on-going employment relationship and one affecting a worker's subsidized retraining efforts, we nevertheless find *Kieley* and *Musguire* persuasive and hold that the claimant's training site is within "commuting distance" of her residence, rendering her ineligible for a TRA transportation allowance.

The claimant further argues that the Board committed an abuse of discretion by not granting her request for reconsideration. She demands that the matter be remanded and the agency directed to produce an accurate distance measurement or that the matter be reconsidered on the record and the agency precluded from presenting further evidence. She al-

ternatively demands that the remand be limited to the receipt of evidence of disparate treatment.

A request for reconsideration may be granted "only for good cause in the interest of justice."[4] 34 Pa.Code § 101.111(a). The denial of a request for reconsideration may be reversed only for clear abuse of discretion. *Asplundh Tree Expert Co. v. Unemployment Compensation Bd. of Review,* 80 Pa.Commonwealth Ct. 7, 470 A.2d 1097 (1984). An abuse of discretion is not present where evidence which the petitioner proposes to adduce at the rehearing was available at the time of the initial hearing, *id.,* or is the evidence already offered. *Keiper v. Unemployment Compensation Bd. of Review,* 61 Pa.Commonwealth Ct. 601, 434 A.2d 874 (1981).

The only factual matter in dispute is the distance from the claimant's residence to her training site, a matter on which both parties have already offered testimony and for which the claimant, not the agency, bears the burden of proof. Further, any evidence supporting the allegation of disparate treatment would have been equally available at the time of the initial hearing. We conclude, therefore, that the Board did not commit an abuse of discretion in denying the claimant's request for reconsideration.

AND NOW, this the 25th day of May, 1993, the order of the Unemployment Compensation Board of Review is hereby affirmed.

---

4. If granted, the Board may allow the opportunity to offer additional evidence at a rehearing or may reconsider the previously established record of evidence. 34 Pa.Code § 101.111(a)(1), (3). Pursuant to § 101.111(b) the Board's ruling with respect to such a request shall be subject to review by this Court in connection with any further appeal to this Court.