**Lorraine A. LASTER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 20, 2013.

Decided Nov. 26, 2013.

not comport with the restrictions outlined in    Dr. Baker's IME report.

Allan J. Opsitnick, Pittsburgh, for petitioner.

Judith Gilroy, Assistant Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

■ Lorraine A. Laster (Claimant) petitions for review of the January 7, 2013, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment benefits. The UCBR determined that Claimant was ineligible for benefits under section 402(e) of the Unemployment Compensation Law (Law)[1] because she was discharged from work for willful misconduct. As explained more fully below, we reverse the UCBR's November 9, 2012, order granting reconsideration, vacate the UCBR's January 7, 2013, order, and reinstate the UCBR's October 12, 2012, order.[2]

Claimant was a program director for Sarah Heinz House Association (Employer) from September 1, 2011, through March 30, 2012. (UCBR's Decision, 1/7/13, Findings of Fact, No. 1.) Employer is a youth development organization associated with the Boys and Girls Clubs of America. (*Id.*, No. 2.) Throughout Claimant's employment, Employer had concerns about Claimant's job performance, including that: Claimant spent too much time in her office; Claimant did not support other staff members and volunteers; and girls were late for co-ed events on two occasions. (*Id.*, Nos. 3–4.) Claimant disagreed with Employer's policy that a girl had to dance with any boy who asked her at co-ed events. (*Id.*, No. 5.) Claimant also consistently had strained relationships with her supervisors. (*Id.*, No. 6.)

Claimant requested a meeting with Employer's Executive Director, Stanley Pittman, to discuss her job performance. Claimant left the meeting believing that her job was in jeopardy. (*Id.*, Nos. 7–8.) In March 2012, during Claimant's midyear performance review, one of her supervisors, Valerie Singleton, made a com-

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge ... from work for willful misconduct connected with his work." 43 P.S. § 802(e).

2. An appeal of a final order subsumes challenges to previous interlocutory orders such as the UCBR's ruling on a request for reconsideration. *See Betz v. Pneumo Abex LLC,* 615 Pa. 504, 547, 44 A.3d 27, 54 (2012); *Barrel of Monkeys, LLC v. Allegheny County,* 39 A.3d 559, 564 (Pa.Cmwlth.2012).

ment that Claimant believed was untrue. (*Id.*, Nos. 9–10.) Claimant responded, in an agitated tone of voice, "I'm not calling you a liar, but that is a lie." (*Id.*, No. 11.) Another supervisor, Charles Chmura, was present at this meeting. Employer discharged Claimant on March 30, 2012, because it believed that Claimant had irreparably damaged her ·relationship with her supervisor. (*Id.*, No. 12.)

Claimant filed a claim for unemployment benefits, which the local service center denied. Claimant appealed to the referee, who held evidentiary hearings on June 27 and July 13, 2012. The referee concluded that Claimant was ineligible for benefits because she was discharged for willful misconduct under section 402(e) of the Law.

Claimant timely appealed to the UCBR. By order dated October 12, 2012, the UCBR determined that although Employer had the right to discharge Claimant, Claimant's statement to her supervisor that the supervisor was lying was not willful misconduct. (UCBR's Decision, 10/12/12, at 3.) The UCBR explained:

> The claimant may not have used the most appropriate language by spontaneously saying that it was a lie. The employer may have had reason to determine that the claimant could no longer work with her supervisor. However, the claimant's comment was not so egregious as to rise to the level of disqualifying willful misconduct.

(*Id.* at 2.) Therefore, the UCBR reversed the referee's decision and awarded Claimant benefits.

By letter dated October 26, 2012, Employer requested reconsideration of the UCBR's decision. In the five-page letter, Employer objected to Claimant's petition for appeal to the UCBR, claiming that it was improperly filed by a different counsel than was present at the referee's hearing and that it was replete with inaccurate and misleading statements. (Employer's Reconsideration Letter, 10/26/12, at 1.) Employer also outlined numerous "inaccuracies" in the UCBR's findings of fact and offered Employer's "corrected" version of the facts. (*Id.* at 2–5.)

By order dated November 9, 2012, the UCBR granted Employer's request for reconsideration and vacated its prior order. The UCBR did not state any reason for granting reconsideration and did not take any additional evidence. On January 7, 2013, the UCBR entered a new order affirming the referee's denial of benefits under section 402(e) of the Law.[3] The UCBR concluded:

> The claimant stated the supervisor was lying. At that point, the employer had reason to determine that the claimant could no longer work with her supervisor. However she phrased it, the claimant accused her supervisor of lying at a meeting with the Executive Director. That amounts to disqualifying willful misconduct.

(UCBR's Decision, 1/7/13, at 2.)[4] Claimant requested reconsideration of the UCBR's decision, which the UCBR denied.

■ In her petition for review, Claimant asserts that the UCBR abused its discretion in granting reconsideration and vacating its October 12, 2012, order without

---

**3.** The findings of fact in the UCBR's January 7, 2013, decision are identical to those in its October 12, 2012, decision, except that the UCBR added "in an agitated tone of voice" in Finding of Fact Number 11.

**4.** The UCBR incorrectly found that Executive Director Pittman was present at this meeting. The record establishes that only Claimant, Chmura, and Singleton were present at the March 2012 performance review meeting.

good cause. We agree.[5]

■ The UCBR's regulations provide that reconsideration will be granted "only for good cause in the interest of justice without prejudice to any party." 34 Pa. Code § 101.111(b). "In determining whether 'good cause' exists, the [UCBR] must consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether [the UCBR] failed to consider relevant law." *Ensle v. Unemployment Compensation Board of Review*, 740 A.2d 775, 779 (Pa.Cmwlth.1999). None of these requirements was met in this case.

■ In its reconsideration request, Employer did not allege a change of circumstance, seek to introduce new evidence that was unavailable at the time of the hearing, or articulate any legal theory that the UCBR failed to consider in its initial decision. Employer merely reargued its case before the UCBR, which is not "good cause" for granting reconsideration. *See Bushofsky v. Unemployment Compensation Board of Review*, 156 Pa.Cmwlth. 100, 626 A.2d 687, 690 (1993) (stating that reconsideration is properly denied where the petitioner seeks to introduce "the evidence already offered"); *Grcich v. Unemployment Compensation Board of Review*, 64 Pa.Cmwlth. 428, 440 A.2d 681, 682–83 & n. 1 (1982) (holding that the UCBR improperly granted reconsideration and reversed its prior order where "the only additional factual elements contained in the record" after the UCBR's initial decision were two employer letters asserting that the UCBR " 'completely ignore[d] the testimony of every witness except [claimant]' " and committed other improprieties) (quoting the record); *see also Ensle*, 740 A.2d at 779–80

(noting that the UCBR may not grant reconsideration merely to revisit credibility issues).

■ Moreover, "before the [UCBR] agrees to reconsider its own decision[,] there must appear of record some reason to support this exercise of discretion." *Flanagan v. Unemployment Compensation Board of Review*, 47 Pa.Cmwlth. 120, 407 A.2d 471, 473 (1979). Here, nothing in Employer's reconsideration request, the UCBR's order granting reconsideration, or the record demonstrates good cause. In addition, because the UCBR failed to state its reason for granting reconsideration and took no additional evidence, Claimant had no opportunity to present her position on the issue or issues being reconsidered. The UCBR acted in direct conflict with its own regulation, which states that reconsideration is proper "only for good cause in the interest of justice without prejudice to any party." 34 Pa.Code § 101.111(b). Therefore, we conclude that the UCBR abused its discretion in granting reconsideration without good cause.

Accordingly, we reverse the UCBR's November 9, 2012, order granting reconsideration, vacate the UCBR's January 7, 2013, order, and reinstate the UCBR's October 12, 2012, order.

### ORDER

AND NOW, this *26th* day of *November*, 2013, we hereby reverse the November 9, 2012, order of the Unemployment Compensation Board of Review (UCBR) granting reconsideration, vacate the UCBR's January 7, 2013, order, and reinstate the UCBR's October 12, 2012, order.

---

5. Our review of the UCBR's decision to grant or deny a request for reconsideration is limited to determining whether the UCBR abused its discretion. *Georgia–Pacific Corporation v. Unemployment Compensation Board of Review*, 157 Pa.Cmwlth. 651, 630 A.2d 948, 951 (1993).

CONCURRING OPINION BY Judge COHN JUBELIRER.

I concur in the result reached by the Majority, although I respectfully disagree with its rationale. I believe a perceived error of law is good cause for the Board to grant reconsideration of its decision. Ultimately I would, instead, reverse the Board's Order on the basis that the Claimant's conduct did not, as a matter of law, constitute willful misconduct.

A party may request that the Board "reconsider the previously established record of evidence." 34 Pa.Code § 101.111(a)(3). The Board may grant such a request "for good cause in the interest of justice without prejudice to any party." 34 Pa.Code § 101.111(b). The Board has good cause to grant reconsideration in order to revisit a legal issue. *Georgia–Pacific Corp. v. Unemployment Compensation Board of Review*, 157 Pa. Cmwlth. 651, 630 A.2d 948, 953 (1993) ("If the [Board] felt it had not addressed or properly resolved the Bureau [of Unemployment Compensation Benefits and Allowances'] legal issues in its initial decision and, desirous of the opportunity to do so, granted reconsideration, this could hardly be considered an abuse of discretion.") Indeed, although stated more often in the context of waiver, it is a fundamental principle that "an administrative law tribunal must be given the opportunity to correct its errors as early as possible." *Moonlight*

*Mushrooms, Inc. v. Unemployment Compensation Board of Review*, 142 Pa. Cmwlth. 153, 596 A.2d 1264, 1268 (1991). Such an opportunity is fruitless if we hold that the Board does not have the authority to correct such mistakes it may discover.[1] This Court has not infrequently faulted the Board for deficiencies in its decisions. *See, e.g., Watkins v. Unemployment Compensation Board of Review*, 65 A.3d 999, 1005 (Pa.Cmwlth.2013) (although the Board correctly held that the question at issue was whether the claimant had necessitous and compelling cause to quit for medical reasons, the Board did not make the findings of fact necessary to address this issue); *Turgeon v. Unemployment Compensation Board of Review*, 64 A.3d 729, 732 (Pa.Cmwlth.2013) (the Board erred in determining that a claimant had voluntarily quit when the only issue considered before the Referee was whether the claimant was discharged for willful misconduct). Therefore, we should not discourage the Board from reconsidering its decisions when it believes it necessary to do so.

I agree that it would have been better for the Board to explicitly state its reasons for granting reconsideration; however, I believe the omission was harmless error in this case where it was clear from the Board's second Opinion that it granted reconsideration in order to revisit its legal analysis.[2] Rather than reversing the

---

1. The cases relied upon by the Majority do not support the proposition that the Board may not grant reconsideration in order to correct an error of law. In *Bushofsky v. Unemployment Compensation Board of Review*, 156 Pa. Cmwlth. 100, 626 A.2d 687, 690 (1993), we held that the Board did not err in *denying* reconsideration where the petitioner was simply reiterating its original argument. In *Grcich v. Unemployment Compensation Board of Review*, 64 Pa.Cmwlth. 428, 440 A.2d 681, 682–83 (1982) (*Grcich II* ), we held that the Board erred in granting reconsideration

where its reason for doing so was pressure and complaints from the employer's attorney. In *Ensle v. Unemployment Compensation Board of Review*, 740 A.2d 775, 779 (Pa. Cmwlth.1999), the Board granted reconsideration not to correct an error of law, but to revise its credibility determinations without taking new evidence.

2. Moreover, even the Board's omission of its reasons for granting reconsideration was substantial error; therefore, I believe the correct disposition would be to remand to the Board

Board on the theory that it abused its discretion by granting reconsideration to revisit its legal analysis, I would reverse the Board on the merits.

Briefly, I believe the Board erred in holding that the Claimant committed willful misconduct by stating to her supervisor "I'm not calling you a liar, but that is a lie." (Board's Decision, Finding of Fact ¶ 11.) In *Luketic v. Unemployment Compensation Board of Review*, 35 Pa.Cmwlth. 361, 386 A.2d 1045, 1048 (1978), this Court held that the claimant was justified in questioning whether her employer was being honest with its employees regarding funding issues when it had attempted to lay the claimant off for financial reasons two weeks previously. In reaching this holding, our Court noted that the claimant did not use vulgar or abusive language towards the employer and distinguished other cases in which the claimant had called an employer a liar on the basis that the claimant's conduct in *Luketic* was reasonable under the circumstances. *Id.* at 1048. Likewise in this case, Claimant's assertion that the supervisor's statement was a lie did not involve vulgar or abusive language. Indeed, Claimant specifically stated that she was not calling her supervisor a liar. (FOF ¶ 11.) Under the circumstances, it appears that Claimant was reasonably, if inartfully, attempting to assert her belief that her supervisor's statement was untrue. Therefore, I would hold that the Board erred in its holding that the Claimant's conduct constituted willful misconduct.

For these reasons, I would reverse the Order of the Board, although for different reasons than those relied upon by the Majority.

to state its reasons for granting reconsideration rather than reversing the Board's Order outright. *See Grcich v. Unemployment Compensation Board of Review*, 58 Pa.Cmwlth. 62, 427 A.2d 299, 301 (1981) (*Grcich I*) (remanding to the Board where the Board did not state on the record its reasons for granting reconsideration).