IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristal Johnson,                          :
                      Petitioner          :
                                          :
            v.                            : No. 126 C.D. 2017
                                          : Submitted:  November 17, 2017
Unemployment Compensation                 :
Board of Review,                          :
                      Respondent          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: December 12, 2017


          Kristal Johnson (Claimant) petitions *pro se* for review of the January 3, 2017 order of the Unemployment Compensation Board of Review (Board) denying her request for reconsideration of the Board's December 5, 2016 order affirming the Unemployment Compensation Referee's (Referee) determination that Claimant is ineligible for benefits under Sections 402(b) and 401(d)(1) of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 802(b) and 801(d)(1).  Section 402(b) provides, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week . . . (b) [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."  43 P.S. § 802(b).  Section 401(d)(1) provides, in relevant part, that "[c]ompensation shall be payable to any employe who is or
**(Footnote continued on next page…)**

Claimant was employed by the Association for Independent Growth (Employer) as a full-time direct support staff since February 2007. On February 25, 2016, she began her approved maternity leave taken under the provisions of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654. Due to her history of pre-term labor, Claimant's FMLA leave was approved with an end date of August 10, 2016. Upon the expiration of her leave, Claimant did not return to work nor did she request an extension of her leave from Employer. On August 12, 2016, Employer terminated Claimant due to her failure to return to work.

Claimant then applied for unemployment compensation (UC) benefits indicating that she had her baby on July 14, 2016, and that she did not quit because she believed her leave would continue for six weeks after she gave birth. The UC Service Center determined Claimant was ineligible for benefits under Section 402(b) of the Law because she voluntarily quit when she did not return from her FMLA leave as scheduled and did not exhaust all alternatives to resolve the situation prior to quitting. Claimant appealed.

Before the Referee, Claimant initially testified that her FMLA leave was scheduled to end on October 10, 2016. However, when she provided documentation to the Referee indicating that her request to be out on FMLA until October 10, 2016, was denied, she admitted that her FMLA leave was only approved until August 10,

_____

**(continued…)**

becomes unemployed, and who . . . [i]s able to work and available for suitable work. . . ." 43 P.S. § 801(d)(1).

2

2016. Claimant also admitted that she never received any paperwork approving her leave request through October and she did not discuss extending her leave with Employer.

Claimant also submitted a letter from her doctor, Danielle Cullen, M.D., stating that she could not do any lifting until after her post-partum visit on August 18, 2016. She admitted that she did not give this letter to Employer because she was still on leave and Employer did not offer light-duty work. Claimant later testified that her doctor did not want her to return to work for 12 weeks after she delivered her baby, but admitted that her doctor made this recommendation not because of any physical limitations but so that she could bond with the child. Claimant stated that she called Employer's hotline in August 2016 after a medical bill was denied for coverage and was told that her employment had been terminated for failure to return from FMLA leave.

Christine Saunders (Saunders), Employer's Community Director, testified that Claimant did not return to work after her FMLA leave expired and that continuing work was available for her if she had returned. Saunders testified that when Claimant contacted her in August 2016, she explained that Claimant had been removed from Employer's system as an active employee because she had been absent from her job site for over six months, but she was eligible for rehire and simply had to pick a new site. Saunders testified that Claimant was also provided with a letter from Employer explaining this process. Saunders called Claimant after she had been on leave for three months but could not leave a message because Claimant's voicemail was full. Saunders then had a supervisor reach out to Claimant.

3

The Referee found Claimant ineligible for benefits under Section 402(b) of the Law, 43 P.S. § 802(b), because she did not establish a necessitous and compelling reason for leaving her employment. The Referee determined that Claimant was aware or should have been aware that her leave expired on August 10, 2016, and she remained out of work for personal reasons, specifically, so she could bond with her child. In addition, Claimant took no steps to extend her leave and did not provide Employer with information from her doctor regarding her ability to return to work. The Referee also determined that Claimant was not able and available for suitable work because she decided to remain on maternity leave to bond with her child, making her ineligible for benefits under Section 401(d)(1) of the Law, 42 P.S. § 801(d)(1).

Claimant appealed arguing that the information she presented was misinterpreted. In an order dated December 5, 2016, the Board affirmed the decision of the Referee denying Claimant benefits. On December 19, 2016, Claimant filed a request for reconsideration of the Board's order arguing that it was her intention to return to work after she received clearance from her doctor during her post-partum visit on August 18, 2016, but her employment was terminated before she could do so.[2] The Board denied Claimant's request for reconsideration by order dated January 3, 2017.

---

[2] In a letter dated December 20, 2016, the Board acknowledged receiving Claimant's reconsideration request, explained that the request did not relieve her of any responsibility for further appeal to this Court, and indicated the Board's order would become final within 30 days.

On January 9, 2017, Claimant filed with this Court a *pro se* communication indicating her attempt to appeal and then filed an ancillary petition for review on February 6, 2017. Employer filed an application for relief arguing that Claimant's appeal should be quashed because her initial communication was not filed within 30 days of the Board's December 5, 2016 decision, and her ancillary petition for review was not filed within 30 days of either that decision or the Board's December 19, 2016 denial of her request for reconsideration. By order dated July 5, 2017, we denied Employer's motion to quash but limited the issues in this matter to the denial of reconsideration because Claimant's initial communication was timely filed from the Board's December 19, 2016 order denying reconsideration.[3] The only issue before us then is whether the Board abused its discretion[4] in denying Claimant's request for reconsideration, not the underlying merits of the appeal.

The Board's regulations provide that reconsideration will be granted "only for good cause in the interest of justice without prejudice to any party." 34 Pa. Code § 101.111(b). "In determining whether 'good cause' exists, the [Board] must

---

[3] *See* Pa. R.A.P. 1512(a); Pa. R.A.P. 1701(b)(3). *See also Payne v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007) ("The filing of a motion for reconsideration does not operate to extend the thirty day period for appeal of the original order.") (citation omitted). It is well-settled that where an aggrieved party timely appeals an agency's order denying reconsideration but not the underlying final administrative order, this Court may not reach the merits of the final administrative order. *See, e.g.*, *Keith v. Department of Public Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988).

[4] Whether to grant or deny a request for reconsideration is a matter of administrative discretion; therefore, this Court's review is limited to determining whether the Board abused its discretion. *Ensle v. Unemployment Compensation Board of Review*, 740 A.2d 775, 779 (Pa. Cmwlth. 1999). "An abuse of discretion occurs if the Board's decision demonstrates evidence of bad faith, fraud, capricious action or abuse of power." *Id.* (citation omitted).

5

consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether [the Board] failed to consider relevant law." *Ensle v. Unemployment Compensation Board of Review*, 740 A.2d 775, 779 (Pa. Cmwlth. 1999). Moreover, "before the [Board] agrees to reconsider its own decision[,] there must appear of record some reason to support this exercise of discretion." *Flanagan v. Unemployment Compensation Board of Review*, 407 A.2d 471, 473 (Pa. Cmwlth. 1979).

In her brief, Claimant does not address whether the Board abused its discretion in denying reconsideration of its December 5, 2016 decision on the merits. Rather, she asserts that the Board erred in determining that she is ineligible for benefits because there is not substantial credible evidence to support this determination. As indicated above, the Board's decision on the merits is not before this Court because Claimant did not appeal that order within the time allowed. Moreover, merely rearguing your case is not "good cause" for granting reconsideration, *Laster v. Unemployment Compensation Board of Review*, 80 A.3d 831, 834 (Pa. Cmwlth. 2013) (citing *Bushofsky v. Unemployment Compensation Board of Review*, 626 A.2d 687, 690 (Pa. Cmwlth. 1993)), and the Board may not grant reconsideration merely to revisit credibility issues. *Laster*, 80 A.3d at 834 (citing *Ensle*, 740 A.2d at 779-80).

Because Claimant failed to present new evidence or changed circumstances in her request for reconsideration and did not argue that the Board failed to consider relevant law, the Board did not abuse its discretion in denying Claimant's request for reconsideration.

Accordingly, the order of the Board is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristal Johnson,                          :
               Petitioner            :
                                 :
             v.                          : No. 126 C.D. 2017
                                 :
Unemployment Compensation                 :
Board of Review,                          :
               Respondent           :

# **O R D E R**

AND NOW, this 12th day of December, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge