IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Santore-Smith, :
                Petitioner :
                                         :
         v. : Nos. 1841 & 1842 C.D. 2017
                                         : Submitted: September 28, 2018
Unemployment Compensation :
Board of Review, :
                Respondent :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                FILED:  October 19, 2018


Cynthia Santore-Smith (Claimant) petitions for review of the Unemployment Compensation Board of Review (Board) orders denying her request for reconsideration of the Board's orders which affirmed two Referee decisions finding her ineligible for benefits because the School District of Philadelphia (Employer) provided Claimant with a reasonable assurance letter that her work would continue when the school reopened the following term. For the following reasons, we affirm.

**I.**

Claimant has been employed as a part-time Lead Food Service worker with Employer since May 11, 2015.  On June 19, 2017, her school closed for the summer and Employer sent Claimant a letter informing her that she had a reasonable assurance that she would have the opportunity to work in the same capacity when the school reopened on September 5, 2017.

On June 20, 2017, Claimant filed two applications for unemployment compensation (UC) benefits:  one for the week ending July 1, 2017, and one for the week ending July 8, 2017.  The Department of Labor and Industry (Department) issued two separate determinations denying benefits under Section 402.1(2) of the Unemployment Compensation Law (Law)[1] because her reasonable assurance of employment when school resumed in September rendered her ineligible.  Claimant appealed these determinations.

Employer did not participate in the hearing before the Referee. Claimant, however, testified that she was a ten-month employee and that her last day of work for the 2016-2017 school year was June 19, 2017, when school closed for summer break.  She also admitted that Employer notified her in writing that she would return to her position when school reconvened for the fall term on September 5, 2017.  In response to the Referee's question as to why she applied for UC benefits if she knew she would be returning to work in September, she stated:

---

[1] Section 402.1(2) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2397, added by Act of July 6, 177, P.L. 41, *as amended*, 43 P.S. § 802.1(2).

[C]: Because it's only for two months.  I work two jobs and when I work part-time at WAWA, the kids work most of the hours because they're on summer break.  The college kids.  So anybody that works part-time gets pushed aside.

\*\*\*

[R]: And that is a different issue . . . altogether, but please do continue, yes.

[C]: And then the School District, I'm Lead Food Service, so I work for the School District, but I work in food.  So I leave in June and I go back in September.  They take out my unemployment in my check so why can't I collect it for two months?

(Record (R.) at Item No. 9, Referee's Hearing:  Transcript of Testimony, 8/10/17, p. 5.)

The Referee issued two identical opinions affirming the Department's determinations of ineligibility under Section 402.1(2) of the Law.  Claimant appealed to the Board, which, on October 11, 2017, issued two orders affirming the Referee's decisions.  Claimant requested reconsideration of those orders, and the Board denied reconsideration on November 8, 2017.  Claimant petitioned for review of the denial of the reconsideration order on November 14, 2017, and we consolidated the matters for review.[2]

---

[2] The Board in its brief states that this appeal is subject to the two October 11, 2017 orders on the merits.  If those were the orders before us, we would quash the appeal because her November 14, 2017 petition for review would have been untimely.  However, in her petition for review, Claimant specifically states that she is appealing the November 8, 2017 order denying reconsideration.

**(Footnote continued on next page…)**

3

## II.

Under Section 402.1(2) of the Law, benefits will not be paid for any services rendered in an educational institution in any capacity other than instructional, research or principal administrative

> for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms . . . to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract **or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.**

43 P.S. § 802.1(2) (emphasis added).

Having admitted in her Questionnaire and before the Referee that she had received a letter giving her a reasonable assurance that she would return to work for the school's fall term, Claimant does not dispute that she was likely to

---

**(continued…)**

This Court's scope of review of a Board decision to grant or deny a request for reconsideration is limited to determining whether the Board abused its discretion. *Laster v. Unemployment Compensation Board of Review*, 80 A.3d 831 (Pa. Cmwlth. 2013). An abuse of discretion occurs if the Board's decision demonstrates evidence of bad faith, fraud, capricious action or abuse of power. *Ensle v. Unemployment Compensation Board of Review*, 740 A.2d 775, 779 (Pa. Cmwlth. 1999). In addition, the Board's regulations provide that reconsideration will only be granted "for good cause in the interest of justice without prejudice to any party." 34 Pa. Code § 101.111(b). In determining whether good cause exists, the Board must consider whether the party requesting reconsideration has presented new evidence or changed circumstances, or whether it failed to consider relevant law. *Ensle*, 740 A.2d at 779. Claimant's request for reconsideration was not based upon any new evidence or changed circumstances.

4

return to work after the summer break. Her only argument on appeal is that because she had been granted UC benefits the prior year, she is entitled to receive them again. However, we have held that even though a claimant may erroneously receive UC benefits in past periods, it does not preclude the Board from denying a claimant benefits for subsequent periods during which a claimant is ineligible. *Jimoh v. Unemployment Compensation Board of Review*, 902 A.2d 608 (Pa. Cmwlth. 2006).

Because Claimant received a reasonable assurance letter that she would be able to return to work for Employer the following school term, the Board did not abuse its discretion in denying her request to reconsider its orders denying benefits under Section 402.1(2) of the Law. Therefore, we affirm.

_____
DAN PELLEGRINI, Senior Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Santore-Smith,        :
            Petitioner        :
                       :
          v.             : Nos. 1841 & 1842 C.D. 2017
                       :
Unemployment Compensation        :
Board of Review,                   :
          Respondent

# **O R D E R**

AND NOW, this 19th day of October, 2018, the orders of the Unemployment Compensation Board of Review dated November 8, 2017, are affirmed.

_____
DAN PELLEGRINI, Senior Judge