# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Riccardo T. Goodlet, :
             Petitioner :
              : No. 1088 C.D. 2024
           v. :
              : Submitted: October 9, 2025
Unemployment Compensation :
Board of Review, :
             Respondent :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                     **FILED: November 19, 2025**

Riccardo Goodlet (Claimant) has *pro se* petitioned this Court to review an order issued on July 24, 2024, by the Unemployment Compensation Board of Review (Board). Through this order, the Board denied Claimant's request for reconsideration of a prior adjudication, issued on June 27, 2024, which had denied Claimant benefits for willful misconduct under Section 402(e) of Unemployment Compensation Law.[1] Upon review, we affirm.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (providing that an employee shall be ineligible for compensation when his separation from employment is due to willful misconduct connected with his work).

## I. BACKGROUND[2]

Claimant was an office coordinator for Delaware County (Employer), where he served as the custodian of Employer's petty cash fund. On or around March 7, 2024, Claimant was terminated from his employment due to an alleged theft of petty cash. Claimant sought unemployment benefits, but the Department of Labor and Industry denied benefits due to Claimant's violation of Employer's policy regarding petty cash. Claimant appealed, and a hearing was held before a Referee.

On May 20, 2024, the Referee found that Claimant had taken $140 from Employer's petty cash fund and attempted to replace the funds upon learning of an upcoming audit. Based on this evidence, the Referee concluded that Employer met its burden of establishing that Claimant had committed willful misconduct. Claimant appealed to the Board. On June 27, 2024, the Board adopted and incorporated the Referee's findings and conclusions, affirmed the Referee, and denied Claimant benefits. Claimant timely filed a request for reconsideration with the Board.

On July 24, 2024, the Board issued an order denying reconsideration (Reconsideration Order). Shortly thereafter, Claimant petitioned this Court to review the Reconsideration Order. *See* Ancillary Pet. for Rev., 8/22/24.

## II. DISCUSSION

The only issue before this Court is whether the Board properly denied Claimant's request for reconsideration.[3] Our review of the Board's decision to grant

---

[2] We draw the substance of this section from the Board's order, which adopted and incorporated the Referee's findings and conclusions, and is supported by substantial evidence of record. *See* Bd. Order, 6/27/24; Ref. Dec., 5/20/24.

[3] We note that this Court declined to strike Claimant's brief for its noncompliance with the Pennsylvania Rules of Appellate Procedure because we could discern the issues purportedly raised therein. *See* Mem. & Order, 3/6/25; Appl. for Relief, 1/17/25. Nevertheless, upon review,

or deny a request for reconsideration is limited to determining whether the Board abused its discretion. *See Laster v. Unemployment Comp. Bd. of Rev.*, 80 A.3d 831, 834 (Pa. Cmwlth. 2013). In this context, an abuse of discretion occurs "if the Board's decision demonstrates evidence of bad faith, fraud, capricious action or abuse of power." *Ensle v. Unemployment Comp. Bd. of Rev.*, 740 A.2d 775, 780 (Pa. Cmwlth. 1999).

The Board does not abuse its discretion in denying a reconsideration request if the party merely wishes to relitigate evidence that has already been offered before a referee. *See Bushofsky v. Unemployment Comp. Bd. of Rev.*, 626 A.2d 687, 690 (Pa. Cmwlth. 1993) (discerning no abuse of discretion in denying reconsideration because testimony had already been offered regarding the only factual matter in dispute); *Keiper v. Unemployment Comp. Bd. of Rev.*, 434 A.2d 874, 875 (Pa. Cmwlth. 1981) (discerning no abuse of discretion in denying reconsideration because the claimant had already provided testimony about the issue he wished to address if granted another hearing).

Pennsylvania regulations provide that an aggrieved party may request the Board to reconsider its decision and provide further opportunity for the party to offer additional evidence, submit written or oral argument, or request reconsideration of the previously established record of evidence. 34 Pa. Code § 101.111(a). Such requests will be granted "only for good cause in the interest of

---

Claimant has not formulated an argument challenging the denial of reconsideration. *See generally* Claimant's Br. Rather, Claimant challenges the Board's underlying adjudication finding him ineligible for benefits, claims the Board's findings are incorrect, and specifically disputes whether Employer had a petty cash policy. *See generally id.* To be clear, Claimant has not appealed the adjudication issued on June 27, 2024. *See* Ancillary Pet. for Rev., 8/22/24 (specifically appealing Board order, mailed 7/24/24, denying his request for reconsideration). Thus, the underlying merits of the Board's adjudication are not before us. *See Georgia-Pacific Corp. v. Unemployment Comp. Bd. of Rev.*, 630 A.2d 948, 951 (Pa. Cmwlth. 1993).

justice without prejudice to any party." 34 Pa. Code § 101.111(b). When determining "good cause" for granting a reconsideration request, the Board must consider whether the requesting party "has presented new evidence or changed circumstances or whether [the Board] failed to consider relevant law." *Laster*, 80 A.3d at 834. Further, a party merely rearguing its case is not "good cause" for granting reconsideration. *Id.*

In his request for reconsideration, Claimant challenged the findings and credibility determinations of the Board. *See* Request for Recons., 7/7/24. In so doing, Claimant referenced previously admitted evidence and testimony, disputed any prior knowledge of a petty cash policy, discussed a salary dispute, and baldly accused Employer of retaliation. *See id.* Claimant did not provide new supporting evidence, describe a change in circumstances, or present legal argument. *See id.* Essentially, Claimant merely reargued his case.

### III. CONCLUSION

For these reasons, we conclude that Claimant's request did not present "good cause" for reconsideration. *See Laster,* 80 A.3d at 834; 34 Pa. Code § 101.111(b). Accordingly, we discern no abuse in the Board's discretion and affirm. *See Laster,* 80 A.3d at 834; *Bushofsky*, 626 A.2d at 690; *Keiper*, 434 A.2d at 875.

**LORI A. DUMAS, Judge**

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Riccardo T. Goodlet,               :
        Petitioner       :
                      :   No. 1088 C.D. 2024
        v.             :
                      :
Unemployment Compensation  :
Board of Review,          :
        Respondent    :

## O R D E R

AND NOW, this 19th day of November, 2025, it is hereby ORDERED that the order denying reconsideration, issued by the Unemployment Compensation Board of Review on July 24, 2024, is AFFIRMED.

**LORI A. DUMAS, Judge**