Sitkin Converting, Inc., Appellant, v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 11, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Richard M. Mohler,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 6, 1974:

Charles F. Hollenbaugh had been employed by Sitkin Converting, Inc. (hereinafter referred to as Sitkin), as a machine operator for approximately two years. On October 6, 1970, Hollenbaugh refused an order from his foreman to sweep the floor. The next morning he was told that he had been given a day off as a result of this indiscretion. Hollenbaugh then left work and did not return thereafter.

Hollenbaugh's application for unemployment compensation benefits was denied by the Bureau of Employment Security on the ground that his termination was due to his wilful misconduct. This decision was reversed by a referee, and unemployment benefits were

granted on the basis that Hollenbaugh voluntarily quit his job with a necessitous and compelling reason. The referee's decision was then affirmed by the Unemployment Compensation Board of Review (Board) and this appeal by Sitkin followed. We affirm.

Our scope of review in unemployment compensation cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings (in this case, the referee's findings adopted by the Board) are supported by the evidence. Questions of credibility and the weight to be given evidence are for the Board. Also, the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973).

Mindful of the above, we now consider Sitkin's arguments on appeal.

Sitkin first argues that Hollenbaugh is not entitled to unemployment benefits because his unemployment was due to his discharge or suspension from work for wilful misconduct. This argument ignores the fact that Hollenbaugh was only suspended for *one* day for his wilful misconduct in refusing to sweep. The day of this suspension was October 7, 1970, and no benefits have been awarded to Hollenbaugh for that day.

Sitkin's second argument is that Hollenbaugh is ineligible to receive unemployment benefits because he voluntarily left work *without* cause of a necessitous and compelling nature. It is true that this argument presents a question of law which is subject to our review. *Rone Unemployment Compensation Case,* 211 Pa. Superior Ct. 425, 235 A. 2d 432 (1967). However, upon review, we have no difficulty finding that the conclusion reached by the referee and affirmed by the Board is legally sound.

The referee found as fact, *inter alia,* that Hollenbaugh left work voluntarily, with the intention of not returning because of a medical condition, that his doctor certified he was not allowed to work in water, and that he left work because he was required to work in water. We hold that this finding was adequate to support the legal conclusion that his termination was *with* cause of a necessitous and compelling nature. *See Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973).

We have carefully examined the record and have found that the findings of fact are all supported by evidence presented at the hearing before the referee. We must therefore issue the following

### ORDER

And now, this 6th day of February, 1974, the order of the Unemployment Compensation Board of Review as to the claim of Charles F. Hollenbaugh is hereby affirmed.