Helen R. Feltman, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued July 31, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*William C. Storb,* with him *Stein, Storb, Mann and O'Brien,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, September 11, 1974:

Helen R. Feltman (claimant) had, for 27 years, worked for the Dore Rand corporation. Her duties were those of a sales clerk in a retail infants' and children's store, and a few times each year she accompanied her husband on buying trips to New York and Philadelphia during which she would make suggestions concerning the purchase of merchandise.

The outstanding stock of the Dore Rand corporation was held by claimant and her husband.[1] The store at which claimant worked was closed on May 31, 1973, because its operation had become unprofitable.

---

[1] One hundred shares were held in the name of claimant and 200 shares in the name of her husband.

Claimant made an application for unemployment compensation benefits, and the Bureau of Employment Security (Bureau) denied her claim on the basis that she was an "unemployed business woman." Following an appeal, the referee affirmed the Bureau's determination. The referee's denial was appealed to the Unemployment Compensation Board of Review (Board) which held that claimant was not an unemployed business woman but denied benefits to claimant because she was an employee of her husband and ineligible for benefits because she does not meet the requirements of Section 4(1)(4)(5) of the Pennsylvania Unemployment Compensation Law,[2] which reads in pertinent part:

"(4) The word 'employment' shall not include—

. . . .

"(5) Service performed by an individual in the employ of his son, daughter, or spouse. . . ."

Initially, we must keep in mind that, although the Bureau and the referee denied benefits to claimant on the basis that she was an unemployed business woman who had previously been self-employed,[3] on further appeal to the Board, this ground for the denial of benefits was abandoned. Here the Board's final decision rested solely upon the exclusion provided for by Section 4(1)(4)(5) of the Unemployment Compensation Law. Next, we must be mindful that our scope of review in unemployment compensation cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. *Sitkin Converting, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 604, 314 A. 2d 534 (1974). Our

---

[2] Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, art. I, §4(1)(4)(5), *as amended*, 43 P.S. §753(1)(4)(5).

[3] See Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, art. IV, §402(h), *as amended*, 43 P.S. §802(h).

reading of the record convinces us that the Board was correct in concluding that "the claimant's control and authority over corporate affairs were so minimal as to render her not self-employed."

Therefore, the only remaining question is whether the Board erred in piercing the corporate veil, thereby denying claimant compensation under Section 4(1) (4) (5) of the Unemployment Compensation Law, by finding that her employer was her husband and not the corporation. We determine that this question is controlled by *Wedner Unemployment Compensation Case*, 449 Pa. 460, 296 A. 2d 792 (1972), and, accordingly, we reverse.

In *Wedner* it was held that the corporate entity will be disregarded only when the entity is used to defeat public convenience, justify wrong, protect fraud, or defend crime. Here the record is lacking of any evidence that would support such findings.

Adherence to *Wedner* compels us to conclude, on the present facts, that claimant's employer was the corporation, not her husband, and that claimant was improperly denied benefits under Section 4(1) (4) (5) of the Unemployment Compensation Law.

Accordingly, we make the following

#### ORDER

AND NOW, this 11th day of September, 1974, the order of the Unemployment Compensation Board of Review denying benefits to Helen R. Feltman is reversed, and the record is remanded to the Board of Review for further proceedings consistent with this opinion.