Harry Moss, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 12, 1980, to Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Norman A. Oshtry,* with him *Judith S. Eden,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, October 15, 1980:

Claimant, Harry Moss, was denied benefits under the Unemployment Compensation Law.[1] Upon final administrative appeal to the Unemployment Compensation Board of Review (Board), the Board disallowed further appeal from the referee's decision denying benefits. The decision of the referee was on the basis that claimant was an employee of his son and ineligible for benefits because he is excluded from coverage by the provisions of Section 4(1)(4)(5) of the Law, 43 P.S. §753(1)(4)(5), which reads, in pertinent part: "(4) The word 'employment' shall not include . . . (5) [s]ervice performed by an individual in the employ of his son, daughter, or spouse. . . ."

The facts here are not in dispute: Claimant was employed for approximately five years by Len-Kar, Inc., as an inventory worker for which he was paid weekly wages of $100. Claimant's son, Jack Moss, was president, secretary and treasurer of Len-Kar, Inc., and owned 100 percent of the stock of the corporation. The decision to separate the claimant from his employment was made for economic reasons and claimant did not exercise any degree of control over the affairs of the corporation.

Claimant's sole contention on this appeal is that the referee and the Board erred in piercing the corporate veil, thereby denying him compensation because of Section 4(1)(4)(5) of the Law, by finding that his employer was his son and not the corporation that his son owned. We determine that this contention is controlled by *Wedner Unemployment Compensation Case,* 449 Pa. 460, 296 A.2d 792 (1972).

In *Wedner,* it was held that the corporate entity will be disregarded only where the entity is used to defeat public convenience, justify wrong, protect

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

fraud, or defend crime. Here, the record is lacking any evidence that would support such findings.

Accordingly, adherence to *Wedner* compels us to conclude, on the instant facts, that claimant's employer was the corporation, not his son, and that claimant was improperly denied benefits because of Section 4(*1*)(4)(5) of the Unemployment Compensation Law. *Accord, Feltman v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 153, 325 A.2d 322 (1974).

Therefore, we make the following

### ORDER

AND Now, this 15th day of October, 1980, the order of the Unemployment Compensation Board of Review, disallowing further appeal to Harry Moss from a referee's decision denying him benefits for compensable week ending December 2, 1978, is reversed, and the record is remanded to the Unemployment Compensation Board of Review for further proceedings consistent with the above opinion.