535 A.2d 288

Michael Frizalone, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Harness Racing Commission et al., Respondents.

Submitted on briefs November 17, 1987, to Judges MACPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Joseph J. Prociak,* for petitioner.

*John B. Hannum, Jr.,* for respondent.

OPINION BY JUDGE COLINS, December 31, 1987:

Michael Frizalone (petitioner) petitions for review of an adjudication of the Pennsylvania State Harness Racing Commission (Commission) which, on October 4, 1985, suspended his racing license for the remainder of the 1985 racing season. We affirm.

Petitioner was the driver of "Boardwalk Fella," the number one horse in the ninth race at Pocono Downs on August 29, 1985. At the conclusion of that race in which "Boardwalk Fella" finished sixth, petitioner received notice to appear on August 30, 1985, before Pocono's Presiding Judge William Ridgway, for alleged violations of Harness Racing Commission Rules, §§18-5(a), 18-5(c), and 18-1(g).[1] The judge's decision to sus-

---

[1] The Rules of Harness Racing under which petitioner was cited correspond to the following Code sections:

58 Pa. Code §183.285(a) states "every heat or dash in a race must be contested by every horse in the race and every horse must be driven to the finish."

58 Pa. Code §183.285(c) states "in the event a drive is unsatisfactory due to carelessness or indifference, or is being raced in an inconsistent manner compared to an established pattern of prior

pend petitioner's license was affirmed by the Commission on October 4, 1985. It is the decision of the October 4, 1985, Commission order that is before this Court.

Our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law committed, or whether the findings of fact are supported by substantial evidence. *Helad Farms v. State Harness Racing Commission*, 79 Pa. Commonwealth Ct. 314, 470 A.2d 181 (1984).

The petitioner initially argues that he was not granted a hearing in accordance with 58 Pa. Code §183.456 (b)(3), because his notice of the hearing did not contain a "clear and concise factual statement sufficient to inform [petitioner] with reasonable definiteness of the type of acts or practices alleged to have been committed" and, furthermore, that the notice given petitioner was not signed. The Commission counters petitioner's argument in stating the applicable provisions are 58 Pa. Code §§183.481 and 183.482. Section 183.481 entitled "Notice required" states: "Before any penalty may be imposed by a Judge under the provisions of this subpart, notice in writing must be given to the party to be charged with a violation." Section 183.482 entitled "Contents of notice" states: "The notice required by §183.481 of this title . . . hereof shall indicate: (1) the infraction for which he is charged; and (2) the time and place of hearing."

---

performances, and the judges believe that there is no fraud, they may forthwith impose a penalty."

58 Pa. Code §183.281(7) states:

[No] driver in the race shall commit any of the following acts which shall be deemed violations of the driving rules:

(7) Lay off a normal pace and leave a hole when it is well within the horse's capacity to keep the hole closed.

This Court has continually stated that an agency's interpretation of its own rules is entitled to great weight. We agree with the Commission that petitioner was cited under the heading "Procedure Before Judges" and not the heading "Practice Before the Commission," as petitioner argues. A review of the notice given to petitioner reveals compliance with the applicable code sections in that it contains in writing the infraction for which he is charged and the time and place of the hearing. The record further reflects that petitioner rescheduled his initial hearing to obtain the assistance of counsel.

Petitioner next argues that the decision of the Commission is not supported by substantial evidence. We do not agree with this contention. Substantial evidence has been defined as relevant evidence such as a reasonable mind might accept to support a conclusion. *See Peterson v. Pennsylvania State Horse Racing Commission*, 68 Pa. Commonwealth Ct. 353, 449 A.2d 774 (1982). The Commission heard petitioner's argument that his suspect driving was a tactical decision and he should not have been penalized because the horse finished in its best time to date. Additionally, the Commission heard the testimony of petitioner's witness, a fellow driver, concerning similar tactical considerations. The Commission did not accept petitioner's arguments and ruled against him. In a racing license suspension case, questions of evidentiary weight and a resolution of evidentiary conflicts are for the Commission not the reviewing court. *Pennsylvania State Horse Racing Commission v. DiSanto*, 29 Pa. Commonwealth Ct. 574, 372 A.2d 487 (1977).

After reviewing the tape of the race, the Commission determined that the hole which was allowed to occur at the start of the race in front of the number one horse, was never closed during the course of the race.

Notwithstanding petitioner's argument that he did not wish to engage in a speed duel, the Commission found that petitioner failed at any time in the race to attempt to close the hole. Moreover, petitioner made no effort to urge his horse forward after he had dropped his whip. The tape of the race supports the Commission's conclusions that the horse was kept well off the pace, for the majority of the race, and that the petitioner never made an effort to bring the horse in a competitive position. Additionally, the manner in which petitioner's whip managed to elude his grasp would support a conclusion of "carelessness or indifference."

We further note that much of the testimony of Mr. Ridgway concerned his analysis of the events as he observed them, both contemporaneously with the race and upon his review of the tape. Mr. Ridgway has served as a presiding judge for four years. Prior to that, he was an associate judge for six years, a patrolling judge for three years, and an owner-trainer-driver in the harness racing industry for seventeen years. Overall, Mr. Ridgway has been actively engaged in the harness racing field since 1955.

Rather than being merely subjective observations, Mr. Ridgway's testimony was expert testimony, based upon his analysis of events which he personally observed. Therefore, the actions of Mr. Ridgway and the Commission are analogous to a "judgment call" made by an official in any other sporting event. However, it is a "judgment call" based upon the unique expertise of Mr. Ridgway, as presiding judge, as affirmed upon independent review of the Commission.

It is the province of administrative agencies, such as the Harness Racing Commission, to evaluate the testimony of such officials when reaching their decision. The Commission has performed this function and our inde-

pendent review of the record indicates that it is supported by substantial evidence.

Accordingly, the order of the Commission is affirmed.

## ORDER

AND NOW, this 31st day of December, 1987, the order of the Pennsylvania State Harness Racing Commission in the above-captioned matter is hereby affirmed.