557 A.2d 1183

Robert Goldstein and Rhona Goldstein, d/b/a Scarlett Farm, Petitioners *v.* Commonwealth of Pennsylvania, State Horse Racing Commission, Respondent.

Argued March 10, 1989, before Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Bernard L. Siegel,* Of Counsel: *Stanford Shmukler,* for petitioners.

*Randall N. Sears,* Assistant Counsel, with him, *John B. Hannum, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, May 10, 1989:

Robert and Rhona Goldstein, d/b/a Scarlett Farm (petitioners) petition for review of an order of the State Horse Racing Commission (Commission) which ordered

petitioners to return the purse won by their horse "Crown's Revenge" to the horseman's bookkeeper at Philadelphia Park.

On December 19, 1985, petitioners' horse finished first in the Seventh Race at Philadelphia Park. At the conclusion of this race, George McCullough, the owner of the second place finisher, "Oxford Star" filed a protest with the Stewards requesting that petitioners' horse be disqualified for a false start and that his horse be declared the winner. The Stewards disallowed this protest and the order of finish was permitted to stand. On December 26, 1985, petitioners received $7,200.00 as the winning purse.

On March 19, 1987, the Commission denied McCullough's initial appeal and affirmed the Stewards' decision. Petitioners, however, received a letter from the Director of Enforcement advising them that on May 20, 1987, as a result of McCullough's petition for reconsideration, their horse had been disqualified and that the $7,200.00 purse from the December 19, 1985, race was to be returned to the horseman's bookkeeper at Philadelphia Park within ten days. The Commission ordered the purse returned based on a finding that petitioners' horse broke early and, therefore, was a non-starter and should have been disqualified which would have rendered petitioners' horse ineligible for any purse money.

Petitioners' counsel then contacted the Commission requesting to see the documents concerning this matter. However, the petitioners were never granted access to the full record until after their appeal was filed with this Court and the record was submitted by the Commission. The Commission did, however, grant petitioners permission to address the Commission in an executive session to determine whether their horse qualified as a starter as defined in 58 Pa. Code §161.3. The Commission, on June 15, 1988, refused to change its May 20, 1987, decision

disqualifying petitioners' horse and ordering the purse refunded. This appeal followed.

Preliminarily, we note that our scope of review is limited to a determination of whether an error of law was committed, constitutional rights were violated, or the findings of fact are unsupported by substantial evidence. *Delaney v. Pennsylvania State Horse Racing Commission,* 112 Pa. Commonwealth Ct. 407, 535 A.2d 719 (1988); *Frizalone v. Pennsylvania State Harness Racing Commission,* 112 Pa. Commonwealth Ct. 285, 535 A.2d 288 (1987).

Petitioners first argue that the Commission's action ordering the purse refunded was a violation of due process because they were never given notice or an opportunity to be heard. Moreover, since the Stewards declared the race official and distributed the purse, their right to the money was fixed and vested. Therefore, they should have been entitled to be present at the hearing at which the Commission decided that their horse was not a starter and, thus, not entitled to the winning purse.

The Administrative Rules governing the Commission define adjudication as any final order, decree, decision, determination, or ruling by the Commission affecting the *rights,* privileges, immunities, or obligations of any licensee. 58 Pa. Code §165.171(a) (emphasis added). "The essential elements of due process required in the context of administrative action when a property right is involved are 'notice of government action and an opportunity to be heard to challenge that action.' " *Luzzi v. State Horse Racing Commission,* 120 Pa. Commonwealth Ct. 215, 222, 548 A.2d 659, 662 (1988) (quoting *Barasch v. Pennsylvania Public Utility Commission,* 119 Pa. Commonwealth Ct. 81, 101, 546 A.2d 1296, 1305 (1988)) (footnote omitted). Clearly, the Commission's decision ordering petitioners to refund the purse affects petitioners' property rights. Thus, pursuant to Section 504 of the Admin-

istrative Agency Law, 2 Pa. C. S. §504, which states: "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard ...," the petitioners should have been given notice and an opportunity to attend this hearing.

The Commission, at oral argument, conceded the fact that the petitioners were indeed denied their due process rights by not being informed of the reconsideration hearing. The Commission said it is willing, upon remand, to conduct a hearing which would satisfy all due process requirements. The Commission is to be lauded for being forthright with the Court in acknowledging its error. Nevertheless, we are constrained to reverse the Commission, because McCullough's initial protest, petition for reconsideration and the Commission's subsequent granting of the same were untimely and not filed in accordance with the Rules of Racing, 58 Pa. Code §§163.1-163.538.

McCullough's protest concerning the petitioners' horse was not lodged until after the results of the race were declared "official." 58 Pa. Code §163.281(f) states, "[t]o merit consideration, a protest against a horse based on a happening in a race must be made to the Stewards before the placing of the horses for that race has been officially confirmed." The notes of testimony from the November 24, 1986, hearing reflect that McCullough's protest was not lodged until after the official sign was posted.

Petitioners further argue that McCullough's appeal to the Commission was not filed within forty-eight (48) hours of the Stewards' declaration of the official results of the race as required by 58 Pa. Code §165.179(7). The Commission, however, stated the filing on December 23, 1985, was timely because this was the first business day after the race in question that the Commission's Harrisburg office was open. The record is unclear as to whether

the Commission's office at Philadelphia Park was open during the 48-hour period following the race. However, resolution of this issue is immaterial to the disposition of this appeal. Assuming arguendo the appeal of the Stewards' decision was timely filed, the petitioners still must prevail, as the petition for reconsideration was improperly granted.

The Administrative Rule at 58 Pa. Code §165.183(q) concerning a petition for reconsideration states:

> Any petition for rehearing, reconsideration, or modification of any Commission order or adjudication *shall* be in writing setting forth in numbered paragraphs the findings or orders of the Commission that may be involved, the points relied upon by the petitioner, appropriate record references, and specific request for the changes or modifications desired. If further evidence or testimony is desired or contemplated, the nature and purpose of the same must be briefly stated. (Emphasis added.)

A review of the record reveals that this section was not complied with, yet the Commission granted reconsideration at the oral request of McCullough's counsel. A regulation has the same legal force and effect as a statute. *Commonwealth v. A.J. Wood Research Co. of Pennsylvania,* 60 Pa. Commonwealth Ct. 225, 431 A.2d 367 (1981). While the Commission is given great deference in the interpretation of its own regulations, it is no more free to violate its regulations than are persons sought to be regulated. *Delaney,* 112 Pa. Commonwealth Ct. at 412, 535 A.2d at 722. Since Section 165.183(q) was not complied with, the Commission was not justified in reconsidering its March 19, 1987, decision.

Therefore, since the Commission did not adhere to the prescribed dictates of its own regulations concerning

the granting of a petition for reconsideration, its action ordering the purse refunded was a nullity. No timely appeal of record was filed from the March 19, 1987 order of the Commission.

Accordingly, we dismiss this appeal, as it is from a null and void order.[1]

ORDER

AND NOW, this 10th day of May, 1989, Petitioners' Petition for Review in the above-captioned matter is dismissed as an appeal from a null and void order. The order of the Commission dated March 19, 1987 is reinstated.

---

[1] *See generally, Monsour Medical Center v. Department of Public Welfare*, 111 Pa. Commonwealth Ct. 359, 533 A.2d 1114 (1987).