IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles D. Williams,                    :
                                        : No. 2363 C.D. 2014
                    Petitioner          : Submitted: August 14, 2015
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :
                                        :
                    Respondent          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  October 20, 2015


            Charles D. Williams (Claimant) petitions for review, *pro se*, of the December 3, 2014, order of the Unemployment Compensation Board of Review (UCBR), which denied Claimant's request for reconsideration of the UCBR's October 20, 2014, decision affirming the decision of a referee to deny Claimant unemployment compensation (UC) benefits.  We reverse and remand.


            Claimant's parents owned John R. Williams Landscaping, Inc. (UCBR's Findings of Fact, No. 1.)  After the death of Claimant's parents, Claimant became the owner of the company and assumed 100% of the stock interest.  (*Id.*, Nos. 2-4.)  In 2007, Claimant transferred 100% of his stock ownership in the company to his wife.  (*Id.*, No. 4.)  Since that time, Claimant's wife has been the

owner and president of the company. (*Id.*, No. 5.) She is also the vice president, secretary, and treasurer of the company. (*Id.*, No. 8.)

Claimant is no longer an owner or officer of the company. (*Id.*, Nos. 6-7.) He has no control over the hiring or firing of employees and has no check-signing privileges. (*Id.*, Nos. 9-10.) Claimant pays unemployment taxes on his salary. (*Id.*, No. 11.) Claimant continues to work for the company and supervises the field work. (*Id.*, No. 12.)

In February 2014, Claimant filed a claim for UC benefits, which the local service center denied. Claimant appealed to the referee, who held a hearing at which Claimant and his wife testified. The referee found that although Claimant's wife was the president of the company, Claimant held 100% stock ownership of the company. (Ref.'s Decision at 2.) The referee concluded that Claimant was self-employed and, thus, ineligible for UC benefits under section 402(h) of the Unemployment Compensation Law (Law).[1] (*Id.*)

Claimant appealed to the UCBR, which remanded the matter to the referee for a supplemental hearing on the self-employment issue. At the remand hearing, Claimant introduced evidence that in February 2007, he transferred 100% of his stock interest in the company to his wife. (*See* N.T., 6/19/14, at 2 & Ex. C1.)

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h). Section 402(h) of the Law provides that an employee is ineligible for UC benefits for any week in which he or she "is engaged in self-employment." 43 P.S. §802(h).

2

On October 20, 2014, the UCBR affirmed the referee's decision, albeit on different grounds. The UCBR determined that Claimant was not self-employed under section 402(h) of the Law because he had no ownership interest in the company. (UCBR's Decision at 2.) The UCBR determined, however, that Claimant was employed by his wife. (UCBR's Findings of Fact, No. 13.) Therefore, the UCBR concluded that Claimant's wages were excluded from his base-year salary under section 4(*l*)(4)(5) of the Law.[2] (UCBR's Decision at 2.) Claimant filed a timely petition for reconsideration, which the UCBR denied on December 3, 2014. Claimant now petitions for review of that decision.

Preliminary, we note that Claimant did not file his petition for review within 30 days of the UCBR's decision on the merits. He did, however, timely appeal from the UCBR's order denying his petition for reconsideration. Therefore, our review is limited to the UCBR's denial of reconsideration.[3] *See Fleeher v. Department of Transportation, Bureau of Driver Licensing*, 850 A.2d 34, 36 (Pa. Cmwlth. 2004); *Muehleisen v. State Civil Service Commission*, 443 A.2d 867, 869 & n.5 (Pa. Cmwlth. 1982), *aff'd*, 461 A.2d 615 (Pa. 1983).

To determine whether good cause exists for the grant of reconsideration, "'the [UCBR] must consider whether the party requesting

---

[2] Section 4(*l*)(4)(5) of the Law excludes from the definition of "employment" any "[s]ervice performed by an individual in the employ of his son, daughter, or spouse." 43 P.S. §753(*l*)(4)(5).

[3] Our review of an administrative agency's order denying reconsideration is limited to determining whether the agency abused its discretion. *Fleeher v. Department of Transportation, Bureau of Driver Licensing*, 850 A.2d 34, 36 (Pa. Cmwlth. 2004).

reconsideration has presented new evidence or changed circumstances or whether [the UCBR] failed to consider relevant law.'" *Laster v. Unemployment Compensation Board of Review*, 80 A.3d 831, 834 (Pa. Cmwlth. 2013) (citation omitted). Before the UCBR can grant reconsideration, "'there must appear of record some reason to support this exercise of discretion.'" *Id.* (citation omitted).

After reviewing Claimant's petitions and the record in this case, we conclude that good cause existed for the grant of reconsideration because the UCBR failed to consider relevant law in rendering its October 20, 2014, decision. The UCBR found that Claimant's wife has 100% stock ownership of the company, Claimant has no ownership interest in the company, and Claimant exercises no control or authority over corporate affairs. (UCBR's Findings of Fact, Nos. 4, 6-7, 9-10.) Despite these factual findings, the UCBR concluded, without citing any legal authority, that Claimant was ineligible for UC benefits under section 4(*l*)(4)(5) of the Law because he worked for his wife. (*See id.*, No. 13; UCBR's Decision at 2.) Thus, it appears that the UCBR failed to consider *Wedner v. Unemployment Compensation Board of Review*, 296 A.2d 792 (Pa. 1972), *Moss v. Unemployment Compensation Board of Review*, 420 A.2d 1350 (Pa. Cmwlth. 1980), and *Feltman v. Unemployment Compensation Board of Review*, 325 A.2d 322 (Pa. Cmwlth. 1974), in deciding the merits of the case.[4] For this reason, we conclude that the UCBR abused its discretion in denying Claimant's request for reconsideration.

---

[4] *Wedner* and its progeny address whether the UCBR may pierce the corporate veil of a family-owned corporation to deny UC benefits under section 4(*l*)(4)(5) of the Law.

4

Accordingly, we reverse the UCBR's December 3, 2014, order and remand this matter to the UCBR to reconsider its October 20, 2014, decision in light of the relevant case law.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles D. Williams,                          :
                                              : No. 2363 C.D. 2014
                          Petitioner          :
                                              :
            v.                                :
                                              :
Unemployment Compensation                     :
Board of Review,                              :
                                              :
                          Respondent          :


## O R D E R


AND NOW, this 20<u>th</u> day of <u>October</u>, 2015, we hereby reverse the December 3, 2014, order of the Unemployment Compensation Board of Review (UCBR) and remand this matter to the UCBR for further proceedings consistent with the foregoing opinion.


Jurisdiction relinquished.


_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Williams,           :
                                   :
              Petitioner      :
                                     :
              v.                  :     No. 2363 C.D. 2014
                                     :
Unemployment Compensation     :     Submitted: August 14, 2015
Board of Review,                  :
                                     :
              Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

**CONCURRING OPINION**
**BY JUDGE COHN JUBELIRER**           **FILED: October 20, 2015**

I concur with the Majority's reversal of the Order of the Unemployment Compensation (UC) Board of Review (Board) denying Charles Williams' (Claimant) request for reconsideration and the remand of this matter to the Board for reconsideration of its October 20, 2014 Decision/Order. I write separately to draw the Board's attention to the fact that it appears that the Board, in issuing its October 20, 2014 Decision/Order, did not resolve certain contradictions in the testimony and documentation in reaching its determination that Claimant was not the owner of the business known as John R. Williams Landscaping, Inc. (Williams Landscaping) and, therefore, not ineligible for UC benefits pursuant to Section

402(h) of the UC Law (Law).[1] Specifically, I note that the record shows the following.

Claimant filed a claim for UC benefits in February 2014 listing Williams Landscaping as his employer. (Summary of Interview, R. Item 2.) The UC Service Center determined that Claimant was ineligible for UC benefits pursuant to Section 402(h) because he is self-employed. (Notice of Determination, R. Item 4.) Claimant appealed and at the first Referee hearing held in this matter on March 20, 2014, Claimant testified that he was the "owner of the business," that he had given his wife control of the company but stated that, because of his sister, Kathy's attempts to acquire the business after his parents' death, "our lawyer said, you know, just keep it in your name. But, she [wife][sic] 100 percent control of the business." (Hr'g Tr. at 2, 6, March 20, 2014, R. Item 7.) Claimant testified further that "[a]s the owner, I just gave her 100 percent control," "[o]n paper, I'm considered the owner of the business," and "I own a piece of paper that is 100 percent stock in it, but the stock is worth no value for this business." (Hr'g Tr. at 2.) Claimant indicated that he had a copy of that stock certificate with him at the March 20, 2014 hearing. (Hr'g Tr. at 5.) However, that certificate was not entered into evidence.

The record also contains an August 14, 2008 Referee's Decision/Order finding that Claimant was not ineligible for benefits pursuant to Section 402(h) of

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(h). Pursuant to Section 402(h), an employee is ineligible for UC benefits for any week in which he or she "is engaged in self-employment." Id.

the Law. (Claimant's Petition for Appeal from Determination w/Attachments, Dated 3/3/2014, Ex. 3, R. Item 5.) Therein, the Referee found that Claimant "filed for benefits again in 2007 and 2008 and again informed the unemployment compensation authorities he owned the business but was not a corporate officer and did not make executive type decisions." (Referee Decision, August 14, 2008, Findings of Fact ¶ 9.)

The record contains a "Report by UC Tax Agent," dated September 10, 2009, which indicates that Claimant owns 100% of Williams Landscaping as of that date. (Employer Separation Information, R. Item 3.) Attached to Claimant's appeal to the Board from the Referee's initial Decision issued in this matter on March 25, 2014, is a copy of the Referee's Decision that contains, at the bottom, the following handwritten comment: "LEGAL REASONS JUST SAY IM OWNER CAUSE OF KATHY." (Claimant's Petition for Appeal from Referee's Decision/Order w/Attachments, Dated 4/7/2014, R. Item 10.)

The Board ordered a remand hearing to fully develop the record with respect to the issue of whether Claimant was ineligible for UC benefits pursuant to Section 402(h) of the Law. (Remand Memo, Dated 5/9/14, R. Item 11.) At the remand hearing held before the Referee on June 19, 2014, Claimant appeared with counsel. Counsel contended that there was some erroneous information provided at the first hearing and entered into the record a document purporting to be a stock certificate transferring 100% ownership of Williams Landscaping from Claimant to his wife as of February 6, 2007. (Hr'g Tr. at 2, June 19, 2014, R. Item 14.) However, this stock certificate was not authenticated by Claimant or his wife. Instead, it was

RCJ-3

Claimant's counsel who "testified" that the certificate was "the original." (Hr'g Tr. at 2.) Claimant only testified that he was not an owner, an officer, or a shareholder of the business. (Hr'g Tr. at 3.) However, Claimant's own testimony at the first hearing, the August 14, 2008 Referee Decision/Order, the September 10, 2009 "Report by UC Tax Agent," and other record evidence contradicts that Claimant transferred ownership of the business to his wife in 2007. His testimony at the second hearing may establish that, as of June 2014, he was not owner or shareholder of the company, but there was no testimony then to establish when that status changed.

Given the state of this record, and the contradictions in the testimony and documentation, which become apparent after detailed review of the record, the Board's reconsideration of its October 20, 2014 Decision/Order on remand must include, in addition to relevant case law, a review of the entire certified record. This will enable the Board to make findings and consider all of the material facts in reaching a conclusion of law as to whether Claimant is ineligible for UC benefits pursuant to Section 402(h) of the Law.

_____
**RENÉE COHN JUBELIRER, Judge**

RCJ-4