OPINION BY
Senior Judge ROCHELLE S. FRIEDMAN.
Charles D. Williams (Claimant) petitions for review, pro se, of the December 3, *876 2014, order of the Unemployment Compensation Board of Review (UCBR), which denied Claimant’s request for reconsideration of the UCBR’s October 20, 2014, decision affirming the decision of a referee to deny Claimant unemployment compensation (UC) benefits. We reverse and remand.
. Claimant’s parents owned John R.. Williams Landscaping, Inc. (UCBR’s Findings of Fact, No. 1.) After the death of Claimant’s parents, Claimant became the owner of the company and assumed 100% of the stock interest. (Id., Nos. 2-4.) In 2007, Claimant transferred 100%, of his stock ownership in the company to his wife. (Id., No. 4.) Since that time, Claimant’s wife has "been the owner and president of the company. (Id., No. 5.) She is also the vice president, secretary, and treasurer of the company. (Id., No. 8.).
Claimant is no longer an owner or officer of the company. (Id., Nos. 6-7.) He has no control over the hiring or firing of employees and has no check-signing privileges. (Id., Nos. 9-10.) Claimant pays unemployment taxes on his salary. (Id.,' No. 11.) Claimant continues to work for the company and supervises the field work. (Id., No. 12.). • ,
In February 2014, Claimant filed a claim for UC benefits, which the local service center denied'. Claimant appealed to the referee, who held a hearing at which Claimant and his wife testified. The referee found that although Claimant’s wife was the president of the company, Claimant held 100% stock ownership of the company. (Ref.’s Decision at 2.) The referee concluded that Claimant was self-employed and, thus, ineligible for UC benefits under section 402(h) of the Unemployment Compensation Law (Law).[1] (Id.).
Claimant appealed to the UCBR, which remanded the matter to the referee for a supplemental hearing on the self-employment issue. At the remand hearing, Claimant introduced evidence that in February 2007, he transferred 100% of his stock interest in the company to his wife. (See N.T., 6/19/14, at 2 & Ex. Cl.).
On October 20, 2014, the UCBR affirmed the referee’s decision, albeit on different grounds. The UCBR determined that Claimant was not self-employed under section 402(h) of the Law because he had no ownership interest in the company. (UCBR’s Decision at 2.) The UCBR determined, however, that Claimant was employed by his wife. (UCBR’s Findings of Fact, No. 13.) Therefore, the UCBR concluded that Claimant’s wages were excluded from his base-year salary under section 4(Z)(4)(5) of the Law.[2] (UCBR’s Decision at 2.) Claimant filed a timely petition for reconsideration, which the UCBR denied on December 3, 2014. Claimant now petitions for review of that decision.
Preliminary, we note that Claimant did not file his petition for review within 30 days of the UCBR’s decision on the merits. He did, however, timely appeal from the UCBR’s order denying his petition for reconsideration. Therefore, our review is limited to the UCBR’s denial of reconsideration.[3] See Fleeher v. Department of *877 Transportation, Bureau of Driver Licensing, 850 A.2d 34, 36 (Pa.Cmwlth.2004); Muehleisen v. State Civil Service Commission, 66 Pa.Cmwlth. 95, 443 A.2d 867, 869 & n. 5 (1982), aff’d, 501 Pa. 335, 461 A.2d 615 (1983).
To determine whether good cause exists for the grant of reconsideration, “ ‘the [UCBR] must consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether [the UCBR] failed to consider relevant law.’ ” Laster v. Unemployment Compensation Board of Review, 80 A.3d 831, 834 (Pa.Cmwlth.2013) (citation omitted). Before the UCBR can grant reconsideration, “‘there must appear of record some reason to support this exercise of discretion.’ ” Id. (citation omitted).
After reviewing Claimant’s petitions and the record in this case, we conclude that good cause existed for the grant of reconsideration because the UCBR failed to consider relevant law in rendering its October 20, 2014, decision. The UCBR found that Claimant’s wife has 100% stock ownership of the company, Claimant has no ownership interest in the company, and Claimant exercises no control or authority over corporate affairs. (UCBR’s Findings of Fact, Nos. 4, 6-7, 9-10.) Despite these factual findings, the UCBR concluded, without citing any legal authority, that Claimant was ineligible for UC benefits under section 4(1 )(4)(5) of the Law because he worked for his wife. (See id., No. 13; UCBR’s Decision at 2.) Thus, it appears that the UCBR failed to consider Wedner v. Unemployment Compensation Board of Review, 449 Pa. 460, 296 A.2d 792 (1972), Moss v. Unemployment Compensation Board of Review, 54 Pa.Cmwlth. 260, 420 A.2d 1350 (1980), and Feltman v. Unemployment Compensation Board of Review, 15 Pa.Cmwlth. 153, 325 A.2d 322 (1974), in deciding the merits of the case.[4] For this reason, we conclude that the UCBR abused its discretion in denying Claimant’s request for reconsideration.
Accordingly, we reverse the UCBR’s December 3, 2014, order and remand this matter to the UCBR to reconsider its October 20, 2014, decision in light of the relevant case law.

ORDER

AND NOW, this' 20th day of October, 2015, we hereby reverse the December 3, 2014, order of the Unemployment Compensation Board of Review (UCBR) and remand this matter to the UCBR for further proceedings consistent with the foregoing opinion.
Jurisdiction relinquished.

. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, . 43 P.S. § 802(h). Section 402(h) of the Law provides that an employee is ineligible for UC-benefits for any week in which he or she "is engaged in self-employment.” 43 P.S. § 802(h).

. Section 4(Z )(4)(5) of the Law excludes from the definition of "employment” any "[sjervice performed by an individual in the employ of his son, ■ daughter, or spouse.” 43 P.S. § 753(!)(4)(5).

.Our review of an administrative agency’s order denying reconsideration is limited to determining whether the agency abused its discretion. Fleeher v. Department of Trans *877 portation, Bureau of Driver Licensing, 850 A.2d 34, 36 (Pa.Cmwlth.2004).

. Wedner and its progeny address whether the UCBR may pierce the corporate veil of a family-owned corporation to deny UC benefits under section 4(1 )(4)(5) of the Law.