IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Madeline F. Russo,                        :
                    Petitioner            :
                                          :
          v.                              : No. 1676 C.D. 2017
                                          : SUBMITTED: July 12, 2019
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  August 29, 2019


          Madeline F. Russo (Claimant) petitions for review of the November 8, 2017

Order of the Unemployment Compensation Board of Review (Board) denying her

Request for Reconsideration of the Board's October 12, 2017 Order, which affirmed

the decision of a Referee to deny Claimant's claim for unemployment compensation

(UC) benefits under Section 401(d)(1) of the Unemployment Compensation Law

(Law), 43 P.S. § 801(d)(1).[1]  Also before this Court is the Board's Application for

Summary Relief, asking this Court to affirm the Board's November 8, 2017 Order

because Claimant has waived any challenge to the propriety of that Order.  For the

reasons that follow, we grant the Board's Application for Summary Relief and affirm

the Board's November 8, 2017 Order.

---

[1] Section 401(d)(1) of the Law provides that unemployment "[c]ompensation shall be
payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and
available for suitable work."  43 P.S. § 801(d)(1).

## Background

On July 12, 2017, after a hearing, the Referee issued an Order denying Claimant's claim for UC benefits. Record (R.) Item No. 10.[2] Claimant timely appealed to the Board, which affirmed the Referee's decision on October 12, 2017. *Id.* Nos. 11, 12. On October 16, 2017, Claimant filed a Request for Reconsideration with the Board. *Id.* No. 13. The Board denied Claimant's Request for Reconsideration on November 8, 2017. *Id.* No. 14.

On November 15, 2017, Claimant filed a Petition for Review with this Court, challenging the Board's October 12, 2017 Order. In response, the Board filed an Application to Quash Claimant's appeal as untimely, arguing that Claimant's Petition for Review was filed more than 30 days after the Board's October 12, 2017 Order. On February 6, 2018, this Court denied the Board's Application to Quash, stating that although Claimant's appeal from the Board's October 12, 2017 Order was untimely, Claimant timely appealed within 30 days of the Board's November 8, 2017 Order denying reconsideration.

Thereafter, the Board filed with this Court an Application for Summary Relief, asserting that Claimant waived any challenge to the Board's November 8, 2017 Order by failing to argue – in either her Petition for Review or her appellate brief – that the Board abused its discretion in denying her Request for Reconsideration. The Board claims that it is entitled to summary relief because Claimant waived the only issue properly before this Court. Claimant did not file an answer to the Board's Application for Summary Relief. On May 22, 2018, this Court

---

[2] Given the procedural posture of this appeal, we do not address herein the Board's findings of fact or conclusions of law relating to Claimant's claim for UC benefits because, as explained *infra*, we are not permitted to review the merits of the Board's underlying decision on the UC claim.

directed that the Application for Summary Relief be considered in conjunction with Claimant's Petition for Review.

## Analysis

Pennsylvania Rule of Appellate Procedure 1532(b) states that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter[,] the court may on application enter judgment if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b). In ruling on an application for summary relief, we must view the evidence in the light most favorable to the non-moving party and may enter judgment only if: (1) there are no genuine issues of material fact, and (2) the right to relief is clear as a matter of law. *Nw. Youth Servs., Inc. v. Dep't of Pub. Welfare*, 1 A.3d 988, 990 n.1 (Pa. Cmwlth. 2010), *aff'd*, 66 A.3d 301 (Pa. 2013).

In its Application for Summary Relief, the Board contends that Claimant has waived any challenge to the Board's November 8, 2017 Order denying her Request for Reconsideration because she makes no argument on appeal relating to the denial of reconsideration. We agree with the Board.

It is well settled that our scope of review of an order denying reconsideration is "limited to determining whether the [Board] abused its discretion." *Georgia-Pacific Corp. v. Unemployment Comp. Bd. of Review*, 630 A.2d 948, 951 (Pa. Cmwlth. 1993). The party alleging an abuse of discretion bears the burden of showing that "the [Board's] decision demonstrates evidence of bad faith, fraud, capricious action[,] or abuse of power." *Id.*

In both her Petition for Review and her appellate brief, Claimant presents no argument whatsoever regarding the propriety of the Board's denial of

3

reconsideration.[3]  Significantly, Claimant does not contend that the Board abused its discretion in denying her request to reconsider its earlier decision on the merits. Rather, Claimant argues only that the Board erred in affirming the denial of UC benefits under Section 401(d)(1) of the Law.  However, the Board's underlying decision on the merits of the UC claim is not before this Court because, as explained above, Claimant did not timely appeal from that Order.  *See Williams v. Unemployment Comp. Bd. of Review*, 125 A.3d 875, 876 (Pa. Cmwlth. 2015) (stating that where the claimant files an untimely petition for review from the Board's decision on the merits but files a timely petition for review from the Board's order denying reconsideration, this Court's "review is limited to the [Board's] denial of reconsideration").  Therefore, we conclude that Claimant has waived any challenge to the Board's denial of reconsideration.  *See Jimoh v. Unemployment Comp. Bd. of Review*, 902 A.2d 608, 611 (Pa. Cmwlth. 2006) (recognizing that issues not included in a petition for review or fairly comprised therein are waived); *Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) (holding that the failure to develop an issue in an appellate brief results in waiver).[4]

Even if Claimant had properly preserved a challenge to the Board's denial of reconsideration, we would find no abuse of discretion by the Board.  The Board's regulations state that reconsideration may be granted "*only for good cause* in the interest of justice without prejudice to any party."  34 Pa. Code § 101.111(b) (emphasis added).  Moreover, "[i]n determining whether 'good cause' exists, the

_____

[3] Claimant's brief contains a single reference to the reconsideration Order in her recitation of the procedural history of the case. *See* Claimant's Br. at 6.  Claimant's Petition for Review does not mention the reconsideration Order at all. *See* Pet. for Review, 11/15/17, at 1-3.

[4] *See also Gottardy v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1493 C.D. 2014, filed February 20, 2015) (affirming the Board's denial of reconsideration where the claimant failed to brief the abuse of discretion issue).

4

Board must consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether [the Board] failed to consider relevant law." *Ensle v. Unemployment Comp. Bd. of Review*, 740 A.2d 775, 779 (Pa. Cmwlth. 1999); *see Laster v. Unemployment Comp. Bd. of Review*, 80 A.3d 831, 834 (Pa. Cmwlth. 2013).

Furthermore, where a reconsideration request does not allege a change of circumstance, seek to introduce new evidence unavailable at the time of the hearing, or articulate a legal theory that the Board did not consider in its initial decision, but rather "merely reargue[s] its case before the [Board] . . . [there] is not 'good cause' for granting reconsideration." *Id.*; *see Bushofsky v. Unemployment Comp. Bd. of Review*, 626 A.2d 687, 690 (Pa. Cmwlth. 1993) (recognizing that reconsideration is properly denied where the claimant seeks to introduce "the evidence already offered").

Here, Claimant's request for reconsideration did not allege a change of circumstance, seek to present new evidence that was unavailable at the time of the hearing, or articulate any legal theory that the Board did not consider in its initial decision. *See* R. Item No. 13. Rather, Claimant merely attempted to reargue the same legal position she had initially argued to the Board in her Petition for Appeal. *See id.*; *see also* R. Item No. 11.[5] Consistent with this Court's precedent and the Board's regulations, we conclude that Claimant's Request for Reconsideration did not establish good cause justifying the grant of reconsideration.

---

[5] In her Request for Reconsideration, as in her Petition for Appeal, Claimant asserted that under *Genetin v. Unemployment Compensation Board of Review*, 451 A.2d 1353 (Pa. 1982), her former employer was required to provide her suitable work and failed to do so. *See* R. Item Nos. 11, 13.

## **Conclusion**

Because Claimant has waived the only reviewable issue before this Court, we conclude that the Board's right to relief is clear. Accordingly, we grant the Board's Application for Summary Relief and affirm the Board's November 8, 2017 Order.[6]

_____
ELLEN CEISLER, Judge

---

[6] We note that even if the Board had not filed an Application for Summary Relief, we still would have affirmed the November 8, 2017 Order for the same reason as above – because Claimant failed to argue that the Board abused its discretion in denying reconsideration.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Madeline F. Russo,                      :
                 Petitioner             :
                                        :
        v.                              :   No. 1676 C.D. 2017
                                        :
Unemployment Compensation               :
Board of Review,                        :
                 Respondent             :

## **O R D E R**

AND NOW, this 29th day of August, 2019, we hereby GRANT the Application for Summary Relief filed by the Unemployment Compensation Board of Review (Board) and AFFIRM the Board's November 8, 2017 Order.

_____
ELLEN CEISLER, Judge