IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Wille,              :
          Petitioner         :
                            :
     v.                      :  No. 1189 C.D. 2021
                            :
Unemployment Compensation    :
Board of Review,              :
          Respondent     :  Submitted:  March 10, 2023

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                          FILED:  April 19, 2023

      Barbara Wille (Claimant) petitions for review, *pro se*, of the September 30, 2021 Order of the Unemployment Compensation Board of Review (Board) denying her request for reconsideration.  Because the record shows that the Board entered the September 30, 2021 Order inadvertently, and because the Board has not yet adjudicated Claimant's underlying appeal from the Referee's decision, we vacate the Board's September 30, 2021 Order, dismiss Claimant's Petition for Review, and remand this matter to the Board for consideration of the merits of Claimant's appeal.

## **Background**

      On May 10, 2020, Claimant filed an application for pandemic unemployment assistance (PUA) benefits with the Department of Labor and Industry (Department). Record (R.) Item No. 1.  On October 29, 2020, the Department issued four separate decisions, denying her PUA claims on the basis that "[Claimant is] a landlord and not subject to qualify for PUA benefits under Section 2102[](a)(3)(A)(ii)(I) of the

[Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. § 9021(a)(3)(A)(ii)(I)]," and assessing non-fraud overpayments of PUA and federal pandemic unemployment compensation benefits. Claimant's Br., Exs. 006 and 047. On September 27, 2021, after a hearing, the Referee issued separate orders affirming the Department's decisions and assessing an additional $7,939 non-fraud overpayment of PUA benefits under Section 2102(h) of the CARES Act, 15 U.S.C. § 9021(h). R. Item No. 8.

On September 27, 2021, the same day the Referee issued her decisions, Claimant sought to "[r]e-open" Referee Case Number 2021015249-AT and requested that the $7,939 non-fraud overpayment "be reconsidered based on the premise that I am a hospitality worker and not a landlord." Suppl. R. Item No. 1. This request, however, was treated as an appeal to the Board and was docketed as Board Appeal Number 2021001948-BR. R. Item No. 9.[1]

At this point, the procedural history took an unusual turn. Three days after Claimant sought to re-open the record, which was treated as an appeal, the Board's new electronic PUA claims system allowed Claimant to prematurely seek reconsideration – even though the Board had not yet issued a decision – and then automatically generated an order on September 30, 2021, purportedly denying Claimant's request for reconsideration. *See* Bd.'s Br., Apps. A and B; Suppl. R. Item No. 2.[2] Claimant then filed an appeal with this Court from the Board's September 30, 2021 Order.

---

[1] In addition to the present matter involving Board Appeal Number 2021001948-BR, Claimant has three other appeals pending before the Board. *See* Bd.'s Br., App. B.

[2] The Board's September 30, 2021 Order is not signed by any Board member; rather, the conclusion of the Order reads as follows:

**(Footnote continued on next page…)**

Thereafter, the Board filed a Motion to Quash Claimant's Petition for Review, asserting that its September 30, 2021 Order was entered erroneously and had no legal effect because the Board had not yet ruled on Claimant's appeal from the Referee's September 27, 2021 decision. On April 26, 2022, this Court, in a *per curiam* Memorandum and Order, denied the Motion to Quash, concluding as follows:

> *The Board . . . seeks to quash [Claimant's] petition for review to this Court on the basis that its September 30, 2021 order denying reconsideration "has no legal effect[,]" in that the Board has not yet ruled on [Claimant's] underlying appeal from the Referee; thus, the Board claims, its order is not appealable.* However, because a Board order denying reconsideration is generally an appealable order, *see Williams v. Unemployment Compensation Board of Review*, 125 A.3d 875[, 876-77] (Pa. Cmwlth. 2015), and it further appearing that [Claimant] has timely petitioned this Court for review of the Board's order denying reconsideration in this case, *the Court declines to quash [the] petition for review based upon the unverified allegations asserted in the Board's Motion. See* Pennsylvania Rule of Appellate Procedure 123(c), Pa.R.A.P. 123(c) ("[a]n application . . . which sets forth facts which do not already appear of record shall be verified by some person having knowledge of the facts . . .").

*Wille v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1189 C.D. 2021, filed Apr. 26, 2022), slip op. at 3-4 (emphasis added).

Subsequently, the Board submitted to this Court a Verification, dated October 11, 2022, prepared by Brian L. Parr, the Board's Unemployment Compensation

---

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW**
*##BOARDCHAIRMAN##, chairman*
*##BOARDMEMBER1##, member*
*##BOARDMEMBER2##, member*

Suppl. R. Item No. 2 (bold in original; italics added). The September 30, 2021 Order also purports to deny reconsideration of "the decision of the Unemployment Compensation Board of Review (Board), Docket Number 2021015249-AT mailed on 9/27/2021," which is actually *the Referee's order* from which Claimant appealed. *Id.*; *see* R. Item No. 8.

3

Appeals System Administrator. Bd.'s Br., App. B. In the Verification, Mr. Parr states:

> 1. The [Board] has not issued an adjudication regarding Claimant's appeal from the Referee's decision in Board Appeal N[umber] 2021001948-BR which is the current matter before the Court in . . . 1189 C.D. 2021.
>
> 2. The [Board] also has not issued adjudications regarding Claimant's related appeals from the Referee's decisions in Board Appeal N[umbers] 2021001935-BR, 2021001936-BR, and 2021001937-BR.
>
> 3. The [Department's] PUA Claims System mistakenly allowed Claimant to access the "Request Reconsideration" function prematurely. Claimant did so on September 27, 2021, when she requested to re-open the matter in Board Appeal N[umber] 2021001948-BR. The Department's PUA Claims System then automatically generated the Order dated September 30, 2021, in error denying Claimant's purported request for reconsideration.
>
> 4. This problem with the Request Reconsideration function has subsequently been fixed.

*Id.*

### Analysis

In her appellate brief, Claimant argues only the merits of her appeal, asserting, *inter alia*, that she is entitled to PUA benefits because "she is a business owner [and] not a landlord" under the CARES Act. Claimant's Br. at 8. In response, the Board maintains that Claimant's appeal should be dismissed because the Board has not issued a final adjudication in her underlying appeal from the Referee's decision and, thus, this Court has nothing to review. We agree with the Board.

As we stated in our prior Memorandum Opinion, ordinarily the Board's denial of a request for reconsideration is an appealable order. *See Wille*, slip op. at 3 (citing

4

*Williams*, 125 A.3d at 876-77). However, a reconsideration request can only be made by an "aggrieved party," and the Board can only rule upon such a request after it has issued a "decision" from which the party is aggrieved. *See* 34 Pa. Code § 101.111(a) (providing that an "aggrieved party may request the Board to reconsider its decision and if allowed, to grant further the opportunity to" present additional evidence at a remand hearing, submit written or oral argument, or ask the Board to reconsider the previously established record evidence).

Moreover, "[i]f [an] agency action is not an 'adjudication[,]'[] then it is not subject to judicial review by way of appeal." *Phila. Cnty. Med. Soc'y v. Kaiser*, 699 A.2d 800, 806 (Pa. Cmwlth. 1997) (*en banc*); *see* Section 101 of the Administrative Agency Law, 2 Pa. C.S. § 101 (defining "[a]djudication" as "*[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights*, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made") (emphasis added).

Here, the record establishes that: (1) the Board inadvertently issued the September 30, 2021 Order denying reconsideration due to a computer system glitch; and (2) the Board did not issue an adjudication in Appeal Number 2021001948-BR from which reconsideration could have been granted or denied. Indeed, in its appellate brief, the Board asserts that it "is awaiting a resolution of the current matter before this Court before issuing its adjudications in the four related appeals from which Claimant would have appeal rights to this . . . Court if she is aggrieved." Bd.'s Br. at 9.

We conclude that because the Board never ruled on Claimant's underlying appeal from the Referee's decision, its Order denying reconsideration has no legal

effect and is, therefore, a nullity. *See Goldstein v. State Horse Racing Comm'n*, 557 A.2d 1183, 1186 (Pa. Cmwlth. 1989) (dismissing an appeal filed from a null and void order); *see also Com. v. Greene*, 265 A.3d 798, 800 (Pa. Super. 2021) (stating that "a legally-null order renders an appeal taken therefrom likewise legally null"), *aff'd*, 284 A.3d 451 (Pa. 2022).

## Conclusion

The record establishes that the Board's September 30, 2021 Order denying reconsideration was inadvertently entered prior to the Board's ruling on Claimant's appeal from the Referee's decision; therefore, the Order is a legal nullity. Accordingly, we vacate the Board's September 30, 2021 Order, dismiss Claimant's Petition for Review, and remand this matter to the Board for consideration of the merits of Claimant's appeal.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Wille,                       :
           Petitioner       :
                           :
       v.                   :  No. 1189 C.D. 2021
                           :
Unemployment Compensation    :
Board of Review,                :
           Respondent    :

**O R D E R**

AND NOW, this 19th day of April, 2023, this Court hereby: (1) VACATES the September 30, 2021 Order of the Unemployment Compensation Board of Review (Board); (2) DISMISSES Barbara Wille's (Claimant) Petition for Review; and (3) REMANDS this matter to the Board for consideration of the merits of Claimant's appeal.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge